**John Michael SMITH, Plaintiff-Appellant,**

v.

**MONTGOMERY WARD & CO., Inc., Defendant-Appellee.**

**No. 17545.**

United States Court of Appeals Sixth Circuit.

Jan. 16, 1968.

### ORDER

Before WEICK, Chief Judge, and PECK and COMBS, Circuit Judges.

COMBS, Circuit Judge.

This is an appeal from an order of the District Court granting a motion for summary judgment in favor of the defendant-appellee in a personal injury action.

The appellant, John Michael Smith, a former employee of the appellee, Montgomery Ward & Co., Inc., was awarded workmen's compensation for an injury sustained in the course of his employment in 1958. That injury was, in the words of appellant's counsel, "a psycho-physiological-musculo-skeletal reaction."

During the compensable period for workmen's compensation, the appellee company employed private detectives to obtain certain information about the appellant, allegedly for use in a further proceeding in the workmen's compensation case. An altercation occurred between appellant and one of the detectives. This action for personal injuries was instituted following the altercation. It was alleged in the complaint that the company "knew of plaintiff's neurotic condition and it was expressly designed as a part of its program of harassment of the plaintiff to provoke the plaintiff to displaying his neurotic tendencies;" also that "as a direct and proximate result of the misconduct of the defendant, its attorneys, agents and employees the previously existing traumatic neurosis was deepened, extended, and aggravated."

Before the personal injury case came to trial, additional proceedings were had in the workmen's compensation case. In those proceedings counsel for appellant stated in writing that the issue was: "Is plaintiff's present disability due to the injury of December 3, 1958?" Having stated the question, appellant's counsel then said, "The answer should be yes."

Judge Talbot Smith, United States District Court for the Eastern District of Michigan, granted summary judgment for the appellee on the ground that appellant's position in the personal injury case is so clearly inconsistent with his position before the Workmen's Compensation Commission that the principle of judicial estoppel applies, citing Scarano v. Central R. Co. of New Jersey, 203 F.2d 510 (3rd Cir. 1953), and cases of like import. We agree. Appellant having taken the unequivocal position in the workmen's compensation proceeding that his present disability is due solely to the 1958 injury, he will not be permitted to assert in this action that his disability is a result of subsequent tortious conduct by the appellee.

For the reasons set forth in Judge Smith's opinion, the judgment is affirmed.