819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard MORAWA, Plaintiff-Appellant,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Appellee.
 No. 86-1585.
 United States Court of Appeals, Sixth Circuit.
 May 27, 1987.
 
 Before MILBURN, Circuit Judge, WEICK and CONTIE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Bernard Morawa appeals the decision of the district court dismissing his claim for a violation of Michigan's Handicappers' Civil Rights Act.
 
 I.
 
 2
 Morawa began working for Consolidated Rail Corporation (ConRail) in 1965. In October, 1980, he suffered a back injury while on the job. As a result of this injury he was unable to work for nine months. In June, 1981, Morawa filed suit against ConRail under the Federal Employer's Liability Act (FELA), 45 U.S.C. Secs. 51 et seq., seeking damages for his disability as a result of his on-the-job injury. In November, 1981, Morawa was taken out of service and placed on medical leave because there was no job at ConRail that Morawa was qualified to perform due to the physical restrictions of his injury.
 
 
 3
 In October, 1983, Morawa's FELA action resulted in a jury award of $400,000 in damages reduced by 50 percent to $200,000 based on Morawa's negligence. On November 13, 1984, Morawa filed the instant case in the district court alleging that he was discriminated against because of his handicap, the back injury, in violation of Michigan's Handicappers' Civil Rights Act.[1] Mich.Comp.Laws Secs. 37.1101 et seq. Morawa sought reinstatement to his previous position and back wages from November 1, 1981. The district court dismissed Morawa's action, on ConRail's motion for summary judgment, after concluding that Morawa was judicially estopped from pursuing his claim for a violation of Michigan's Handicappers' Civil Rights Act. This Court accepted a letter from Morawa's wife as a timely pro se appeal and brief.
 
 II.
 
 4
 The doctrine of judicial estoppel is applicable when a party who has successfully and unequivocally asserted a position in a prior proceeding attempts to assert an inconsistent position in a subsequent proceeding. Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir.1982). This doctrine is designed to protect the integrity of the judicial process. Id. at 598; Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir.1981); Smith v. Montgomery Ward & Co., 388 F.2d 291, 292 (6th Cir.), cert. denied, 393 U.S. 871 (1968). "Judicial estoppel addressed the incongruity of allowing a party to assert a position in one tribunal and the opposite in another tribunal. If the second tribunal adopted the party's inconsistent position, then at least one court has probably been misled." Edwards, 690 F.2d at 599.
 
 
 5
 In the instant case, we believe that the district court correctly dismissed Morawa's claim pursuant to the policies of judicial estoppel. In Morawa's prior FELA action he sought damages contending in his complaint that he was permanently injured with the expectation of loss of earnings and earning capacity. Pertinent portions of his complaint read as follows:
 
 
 6
 As a consequence of the foregoing acts of negligence of the Defendant, Plaintiff suffered grievous injuries that are severe, permanent and painful to and about the muscles, bones, ligaments, cartilages, nerves and tissues of the lumbar region of his back. (p 9)
 
 
 7
 Plaintiff has in the past and can be expected in the future to suffer severe pain and suffering, loss of earnings and earning capacity, medical expense, past, present and future, humiliation and embarrassment and has lost the ability to lead a normal, healthy and vigorous life free from pain. (p 10)
 
 
 8
 Furthermore, Morawa's trial brief asserted that he was disabled from the only type of employment for which he was suited and requested damages for the loss of his ability to earn a living from the time of his injury until his normal retirement at age 70. Such a position is clearly inconsistent with the position that Morawa now takes in the instant case; the position that he is able to return to work. Additionally, the success of the prior assertion is reflected in the jury award of $400,000. See Scarano v. Central R.R. of New Jersey, 203 F.2d 510, 513 (3rd Cir.1953) (size of award, considering plaintiff's age and earning record, indicates that it was intended to recompense plaintiff for his loss of ability to earn wages for at least a substantial future period; therefore plaintiff was estopped from bringing a subsequent action in which he alleged he was no longer disabled). Essentially, if Morawa were permitted to take a second position in a subsequent case, inconsistent with his prior position of permanent disability, he would be duplicating his recovery. Under these circumstances, it was proper for the district court to refuse to allow Morawa to litigate a claim in contradiction of his earlier position.
 
 
 9
 Having concluded that the district court correctly dismissed Morawa's claim on the principle of judicial estoppel, we accordingly AFFIRM.
 
 
 
 [1]
 Morawa's complaint also alleged breach of contract and breach of duty of fair representation; however, these claims were voluntarily dismissed