**Leonard L. MUNCY, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, a Virginia corporation, Defendant.**

**Civ. A. No. 84-1176.**

United States District Court,
S.D. West Virginia,
Bluefield Division.

Nov. 16, 1987.

Debra Archer, Katz, Kantor & Perkins, Bluefield, W.Va., for plaintiff.

Wade T. Watson, Joseph M. Sanders, Bluefield, W.Va., T.T. Lawson, W. Fain Rutherford, Wood, Rogers, Muse, Walker & Thornton, Roanoke, Va., for defendant.

## MEMORANDUM ORDER

HALLANAN, District Judge.

This matter is before the Court via Defendant's motion for summary judgment. The Court has carefully reviewed the parties' pleadings, memoranda and oral argument of counsel and after a thorough review of the transcript of prior proceedings, is now prepared to rule thereon.

Defendant raises several grounds in support of its motion for summary judgment. Because the Court finds Defendant's first ground to be dispositive, the Court will not address its other arguments.

In order to clearly pronounce its ruling, a brief recitation of the pertinent facts is necessary.

### I. *Factual Background*

On October 7, 1975, while employed as a Section Foreman, Plaintiff suffered an apparently severe injury to his back. Plaintiff then filed suit against the Defendant under the Federal Employers' Liability Act (FELA) and was awarded a $190,000 jury verdict after a four-day jury trial.

Defendant argues that at the trial and throughout the pendency of the prior litigation Plaintiff maintained that he was permanently totally disabled from employment

with the Defendant. Plaintiff argues that he only maintained that he was permanently disabled from his job as Section Foreman with the Defendant.

On October 11, 1982, Plaintiff notified Defendant that pursuant to a letter from his doctor, Dr. Adnan Silk, that he (Plaintiff) was now able to return to work. Defendant refused to rehire Plaintiff and the matter was arbitrated pursuant to the provisions of the Railway Labor Act, 45 U.S.C. § 151, *et seq.* The arbitration was ultimately resolved in favor of the Defendant.

Plaintiff then filed this action on October 10, 1984, in the Circuit Court of Mercer County, West Virginia under the West Virginia Human Rights Act, W.Va.Code § 5-11-1, *et seq.* alleging that Defendant had discriminated against him on the basis of his physical disability. Defendant subsequently removed the action to this Court.

Discovery has now been completed and Defendant has moved for summary judgment on several grounds, including the doctrine of judicial estoppel.

## II. *Legal Analysis*

The doctrine of judicial estoppel is designed to protect the integrity of the judicial process. *Morawa v. Consolidated Rail Corporation, et al.,* No. 84–CV–05194–DT, Slip Op. at 12, (E.D.Mich. May 30, 1986). *See, also Allen v. Zurich Ins. Co.,* 667 F.2d 1162 (4th Cir.1982) and *Scarano v. Central RR Co.,* 203 F.2d 510 (3rd Cir.1953).

The rationale behind this doctrine is set forth succinctly in *Scarano, supra.* The Third Circuit stated:

The "estoppel" of which, for want of a more precise word, we here speak is but a particular limited application of what is sometimes said to be a general rule that "a party to litigation will not be permitted to assume inconsistent or mutually contradictory positions with respect to the same matter in the same or a successive series of suits." II Freeman on Judgments § 631 (5th ed. 1925). Whether the correct doctrine is that broad we do not decide. The rule we apply here need be and is no broader than this. *A plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention.* Such use of inconsistent positions would most flagrantly exemplify that playing "fast and loose with the courts" which has been emphasized as an evil the courts should not tolerate. See *Stretch v. Watson,* 1949, 6 N.J.Super. 456, 469, 69 A.2d 596, 603, reversed in part on other grounds, 5 N.J. 268, 74 A.2d 597. And this is more than affront to judicial dignity. For intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.

*Scarano* at 512–513. (footnote omitted) (Emphasis added).

Essentially, judicial estoppel prevents a party from asserting a position which is contradictory to a position previously asserted in a prior proceeding. *Smith v. Montgomery Ward Co.,* 388 F.2d 291 (6th Cir.1968), *cert. denied* 393 U.S. 871, 89 S.Ct. 159, 21 L.Ed.2d 139 (1968). It prevents Plaintiffs from "double dipping" while protecting the dignity of the judicial system.

The facts in the *Morawa* case, *supra,* are strikingly similar to the case at bar. While this Court recognizes that the *Morawa* case is an unpublished opinion with no precedential value, the Court finds the rationale therein persuasive and notes that the decision was affirmed by the United States Court of Appeals for the Fifth Circuit in an unpublished opinion on May 27, 1987. In that case the Plaintiff had sued the Defendant Railroad alleging total disability under FELA and recovered $200,000.00. Later Plaintiff filed a complaint under the Michigan Handicappers' Civil Rights Act, M.C.L.A. 37.1101, *et seq.* seeking back pay and reinstatement for Defendant's failure to provide employment. The District Court in that case granted summary judgment in Defendant Railroad's favor holding that Plaintiff was judicially estopped from prosecuting a claim under that Act after alleg-

ing in the FELA action that he was disabled.

In order to prevail on a motion for summary judgment, the moving party must establish that there exist no genuine issues of material fact. *Barwick v. The Celotex Corp.*, 736 F.2d 946 (4th Cir.1984).

The only issue of fact raised by Plaintiff in his argument against Defendant's judicial estoppel argument is his assertion that he did not maintain that he was permanently disabled from any employment with the Defendant in the FELA action. Accordingly, the only issue now before the Court on this argument of Defendant is whether Plaintiff's position in his FELA action was contradictory to the one he now asserts in this action.

This Court has painstakingly reviewed the record in Plaintiff's previous action, *Leonard Muncy v. Norfolk and Western Railway Company*, Civil Action No. 78–1092 (USDC SDWV). It is clear from the opening statement of Plaintiff, the pleadings, the evidence presented at trial and the closing arguments that Plaintiff maintained in that action he was permanently disabled from future employment with the Defendant, and that therefore there exist no genuine issues of material fact. For example, during closing arguments, Plaintiff's counsel stated:

> "[He] is through on the Railroad. Done. And that is undisputed. Every doctor who came into this courtroom either by or in person or by way of deposition has so testified …"

Trial Transcript of *Muncy*, C.A. No. 78–1092 at Vol. V, p. 47.

> "They [Defendant] are keeping this man off of the job. They're keeping him off for the rest of his life."

*Id.* at 119.

In this action, Plaintiff claims that Defendant is required to employ him despite the fact that Defendant has previously compensated him for pain and suffering and lost wages. While the Court agrees that doctrine of judicial estoppel is one to be applied with caution as set forth in *Allen, supra,* the Court finds that the case at bar is one that fits squarely within this doctrine.

This Court holds accordingly that Plaintiff is estopped from pursuing a claim against Defendant for a violation of the West Virginia Human Rights Act. Therefore, it hereby is ORDERED that Defendant's motion for summary judgment be, and the same is, GRANTED.

The Clerk is directed to send a certified copy of this Order to counsel of record and to remove this action from the docket of this Court.