In re TWO SPRINGS MEMBERSHIP CLUB, Debtor.

Elaine B. Greaves, Trustee, Plaintiff,

v.

Office of the Delaware Attorney General, et al., Defendants.

Bankruptcy No. 04–44837.
Adversary No. 06–4112.

United States Bankruptcy Court,
N.D. Ohio.

Feb. 9, 2009.

■■■■■■■■■■■■■■■■■■■■■

This is a core proceeding pursuant to 28 U.S.C. § 15 7(b)(2)(A), (K), and (O). The following constitutes the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR.P. 7052.

Andrew W. Suhar, Youngstown, OH, for Plaintiff.

Douglas Snoeyenbos, U.S. Justice Dept., Washington, DC, Michael A. Gallo, Nadler Nadler & Burdman Co., LPA, Youngstown, OH, Martha E. Romero, Whittier, CA, for Defendants.

**MEMORANDUM OPINION GRANTING, IN PART, AND DENYING, IN PART, THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT BASED ON JUDICIAL ESTOPPEL**

KAY WOODS, Bankruptcy Judge.

Before the Court is United States' Motion for Summary Judgment Based on Judicial Estoppel (Doc. # 149) ("Motion for Summary Judgment") filed by Defendant United States ("Government") on January 13, 2009. Camp Coast to Coast, Inc. and Affinity Group, Inc. (collectively, "Coast"), also a defendant in this adversary proceeding, filed Response of Camp Coast To Coast, Inc., and Affinity Group, Inc. to the Motion for Summary Judgment of the United States of America (Doc. # 151) on January 21, 2009. Both the Government and Coast jointly filed Stipulation on Documents and Facts ("Stipulation") (Doc. # 42) on January 14, 2008. For the reasons given below, the Court finds that the Motion for Summary Judgment should be granted, in part, and denied, in part.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the general order of reference (General Order No. 84) entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. STANDARD FOR REVIEW

The procedure for granting summary judgment is found in FED.R.CIV.P. 56(c), made applicable to this proceeding through FED. R. BANKR.P. 7056, which provides in part that:

> The judgment sought shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

FED.R.CIV.P. 56(c) (West 2008). Summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it could affect the determination of the underlying action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Tennessee Department of Mental Health & Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). An issue of material fact is genuine if a rational fact-finder could find in favor of either party on the issue. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505; *SPC Plastics Corp. v. Griffith (In re Structurlite Plastics Corp.),* 224 B.R. 27 (6th Cir. BAP 1998). Thus, summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505 (1986).

In a motion for summary judgment, the movant bears the initial burden to establish an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 198 (6th Cir. BAP 1998). The burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 590, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, in responding to a proper motion for summary judgment, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989) (quoting *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505). That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *Street,* 886 F.2d at 1479.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This Memorandum Opinion incorporates by reference the findings of fact detailed in this Court's Memorandum Opinion of August 12, 2008 (Doc. # 91). Two Springs Membership Club ("Debtor"), Travel America, Inc. ("Travel America"), and Revcon Motorcoach, Inc., a Nevada Corporation ("Revcon NV"), are three of the entities owned and/or operated by Raymond Novelli ("Novelli") and various associates (collectively, "Novelli Group").

Travel America, Revcon NV, and other Novelli Group entities [1] (collectively, "Orange County Plaintiffs") filed suit against Coast and other defendants in the Superior Court of the State of California in and for the County of Orange ("Orange County Court") on January 28, 1998 ("Orange County Case"). (Stip. at 8.) The Orange County Court ruled in favor of all defendants on October 10, 2000. (*Id.*) Coast obtained a joint and several judgment against all the Orange County Plaintiffs for $3,880,038.54 ("Judgment") on February 14, 2001. (*Id.*) The Orange County Plaintiffs appealed to the California Court of Appeals for the Fourth District ("California Appeals Court"), which affirmed the judgment and order of the Orange County Court on February 27, 2003. *Travel America, Inc. v. Camp Coast to Coast,* 2003 WL 558563 (Cal.Ct.App. 2003).

Debtor was incorporated as a Delaware corporation on March 28, 2001. Revcon NV transferred real property located at 14300 Indian Avenue, North Palm Springs, Riverside County, California ("Indian Avenue Property") to Debtor for no consideration on April 21, 2001. Debtor recorded a grant deed for the Indian Avenue Property on April 25, 2001. (Stip. at 9.)

Thereafter, on October 15, 2001, Coast filed an abstract of the Judgment with the Recorder of Riverside County. *Id.* In 2003, the Government filed notice in Riverside County of federal tax liens associated with unpaid assessments against (i) Revcon NV and Debtor (filed July 31, 2003); and (ii) Travel America (filed October 23,

---

1. Because Debtor was not incorporated until 2001, it was not a party to the California Case.

2003). (Stip. at 9; IRS Proof of Claim # 2–1).

Debtor filed a chapter 11 voluntary petition in this Court on October 4, 2004 (Case No. 04–44837) ("Debtor's Case"). Debtor's case was converted to chapter 7 on June 30, 2005.

Debtor's estate included the Indian Avenue Property. On October 24, 2005, the Court entered Order Authorizing Sale of Property Free and Clear of All Liens, Encumbrances, Claims and Other Interests ("Sale Order") (Debtor's Case, Doc. # 75), which (i) authorized Elaine B. Greaves, Debtor's chapter 7 trustee ("Trustee"), to sell the Indian Avenue Property; and (ii) directed Trustee thereafter to "commence an adversary proceeding seeking a determination of the validity, priority and extent of the Encumbrances against the Property[.]" (Sale Order at 6.)

After the Indian Avenue Property was sold, in compliance with the Sale Order, Trustee filed Complaint to Determine Validity, Priority, and Extent of Liens and and [sic] Determination of Income Tax Liability ("Complaint") (Doc. # 1), which commenced this Adversary Proceeding on June 1, 2006. The Complaint names twenty defendants, including Coast, the Government, and Revcon NV, as "potential parties in interest to the real estate and hence to the proceeds of sale." (Compl.¶ 4.) Coast filed Answer, Counterclaim and Crossclaim of Camp Coast to Coast, Inc. and Affinity Group, Inc.

("Coast's Answer") (Doc. # 15) on July 20, 2006.

Government and Coast filed cross motions for summary judgment in April 2008.[2] Each party asserted that it had the superior lien to the proceeds of sale of the Indian Avenue Property. The Government's argument was based on an assertion that Debtor, Revcon NV, and Travel America, together with two other Novelli Group companies, are all alter egos. Coast based its Motion for Summary Judgment on assertions of fraudulent transfer, rather than alter ego. Coast's Reply Memorandum to Motion for Summary Judgment of the IRS ("Coast's Reply Memo") (Doc. # 57) asserts that the Government cannot prove that Debtor and Travel America are alter egos. (Coast's Reply Memo at 13.)

The Government now wishes to revisit this argument by Coast.[3] The Motion for Summary Judgment requests that Coast be "judicially estopped from denying that the United States has a valid [tax] lien interest in the sale proceeds held by the Trustee," based on Revcon NV's and Travel America's unpaid taxes. (Mot. for S. Judgmt. at 8.) While the Government is not entitled to this relief based on judicial estoppel, as discussed below, the Court finds that Coast should be estopped from asserting that Revcon NV and Travel America are *not* alter egos of each other.

**2.** On June 30, 2008, the Court denied both summary judgment motions (Doc. ## 62, 63 and 64). Subsequently, upon Coast's Memorandum in Response to Court's Sua Sponte Order (Doc. # 67) and United States' Motion to Reconsider (and Reply to Coast's Response to Sua Sponte Order) (Doc. # 68), on August 12, 2008, the Court issued Order (i) Vacating June 30, 2008, Opinion Denying Motion of Camp Coast to Coast for Summary Judgement and (ii) Denying Motion of Camp Coast to Coast for Summary Judgment Relating to

Counts I and II of Coast's Answer and Counterclaim (Doc. # 92) ("Opinion Denying Coast's Motion").

**3.** The Government filed United States' Motion for Leave to File Motion for Summary Judgment Based on Judicial Estoppel and Recently–Discovered Information (Doc. # 145) on December 24, 2008, which was granted by Order (Doc. # 146) on January 8, 2009.

### III. ANALYSIS

#### A. Judicial Estoppel

■ Judicial estoppel is an equitable doctrine that applies when a party successfully maintains a position in one legal proceeding then attempts to assert a contrary position in a subsequent legal proceeding. That party may be judicially estopped from asserting the inconsistent position. *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir.1982). Because the doctrine's purpose is "to protect the integrity of the judicial process[,]" it may be applied even in the absence of privity or detrimental reliance. *Edwards*, 690 F.2d at 598. "Judicial estoppel addresses the incongruity of allowing a party to assert a position in one tribunal and the opposite in another tribunal. If the second tribunal adopted the party's inconsistent position, then at least one court has probably been misled." *Id.* at 599.

Because judicial estoppel is intended to prevent improper use of the judicial process, the rule may be "invoked by a court at its discretion." *New Hampshire*, 532 U.S. at 750, 121 S.Ct. 1808. There is no set formula for applying judicial estoppel, but courts typically consider several factors in deciding whether to apply the doctrine: (i) the party's position in the later case is "clearly inconsistent" with its previous position; (ii) the party succeeded in persuading a court to accept its earlier position; and (iii) allowing the party to assert the inconsistent position would give that party an "unfair advantage or impose an unfair detriment" on the opposing party. *Id.* at 750–51, 121 S.Ct. 1808.

#### B. Alter Ego Status of Travel America and Revcon Nevada

■ All three of the judicial estoppel factors are present in connection with Coast's current assertion that Travel America and Revcon NV are not alter egos. First, Coast argued in the Orange County Case that the Orange County Plaintiffs, including Travel America and Revcon NV, were alter egos. The Government cites to Coast's brief on appeal, Respondents' Brief, *Travel America, Inc. v. Camp Coast to Coast, Inc.*, No. G028513 & G028728, 2003 WL 558563 (Cal.Ct.App. 2003), available at 2001 WL 34132940 (Oct. 17, 2001) ("Respondents' Brief"). Coast acknowledged that it "specifically pleaded alter ego—both among Plaintiffs themselves and among Plaintiffs and Raymond Novelli—in its First Amended Answer to the First Amended Complaint." Respondents' Br. at 25. Coast noted that "substantial evidence supported these alter ego defenses." *Id.* Finally, Coast asserted that "Travel America is liable for attorney's fees because, as an alter ego of the other Plaintiffs, Travel America is liable as a principal or partner for all of the other Plaintiffs' debts." *Id.* at 48.

Second, Coast succeeded in persuading the Orange County Court to accept its earlier position. Coast now claims that it was unnecessary for the Orange County Court to "even consider the concept of alter ego to arrive at the decision establishing [liability]." (Coast's Resp. at 5.) However, this was not Coast's argument in 2001, when Coast asserted that "[t]he trial court correctly treated Plaintiffs precisely the way they presented themselves—as a single entity controlled by Raymond Novelli." [4] Respondents' Br. at 27. Coast also noted that the Orange County "[C]ourt

---

4. Neither Coast nor the Government has provided this Court with a copy of the Orange County Court's Opinion.

received substantial evidence *compelling it to conclude Plaintiffs were alter egos of one another* ... and the *determination of alter ego therefore achieved an equitable result* by allowing the court to impute the unclean hands of each Plaintiff to all of them." [5]  *Id.* at 28 (emphasis added).  Finally, Coast concluded,

> Travel America is liable for attorney's fees because, as an alter ego of the other Plaintiffs, Travel America is liable as a principal or partner for all of the other Plaintiffs' debts.  In assessing Plaintiffs' unclean hands, the trial court found that "for all practical and legal purposes the conduct of one entity within the Novelli Organization (and among the Plaintiffs themselves) should be charged to all others, and specifically to Mr. Novelli, as well."

*Id.* at 48 (internal citations omitted). Coast's 2001 interpretation of the Orange County Court's findings is particularly compelling in light of the fact that counsel for Coast prepared the Statement of Decision signed by the Orange County Judge. *Id.* at 5.

Third, allowing Coast to now assert an inconsistent position would waste both the Court's and Government's time and resources.  Coast asserts that differing circumstances should prohibit this Court from applying the Orange County Court's finding of alter ego directly to the case at hand.  However, the issue before the Court is not whether the Orange County Court's finding of alter ego is applicable to the instant case, but whether Coast is judicially estopped from arguing that Travel

America and Revcon NV are not alter egos.  The Government still must meet its *prima facie* burden, but estopping Coast from presenting alternate interpretations of the alter ego factors will allow all parties to focus on the remaining disputed issues in this case.

### C.  Alter Ego Status of Revcon Nevada and Debtor

■  As set forth above, Debtor was not incorporated until 2001 and, thus, was not among the Orange County Plaintiffs.  As a consequence, judicial estoppel does not apply to Coast's position regarding the alleged alter ego relationship between Revcon NV and Debtor.  The Government argues that Coast "agrees" that Debtor and Revcon NV are alter egos.  (Mot. for S. Judgmt. at 3.)  Even assuming, *arguendo*, that this is true, it has no bearing on the application of judicial estoppel because the Government fails to demonstrate that Coast has succeeded in convincing a court of such position.[6]

### D.  Other Relief Requested by the Government

■  While Coast will be estopped from arguing that the Orange County Plaintiffs are not alter egos, the Motion for Summary Judgment requests greater relief. The Government requests that Coast be "estopped from denying that the United States has a valid lien interest in the sale proceeds held by the Trustee, based on unpaid federal tax assessments that were made in the names of Revcon Nevada and

---

5.  The California Appeals Court also found that "Defendants' unclean hands defense admittedly applied to all of plaintiffs' causes of action.  Consequently, it operated as a bar to the entire lawsuit."  *Travel Am.*, 2003 WL 558563, at *4.

6.  The Opinion Denying Coast's Motion expressly noted that it did not deal with Count III of Coast's Crossclaim, which asserts that Coast has a secured claim based on the theory that Debtor and Revcon NV are alter egos, because such claim was not fully addressed by Coast's Motion for Summary Judgment.

Travel America, Inc." (Mot. for S. Judgmt. at 8.)

The Government requests relief that exceeds the reach of judicial estoppel. Judicial estoppel merely precludes a party that has previously succeeded on one argument from making a contrary argument. The Government provides no example of Coast previously making or prevailing on any argument regarding the validity of any liens—let alone tax liens—against the Orange County Plaintiffs. To the contrary, Coast has agreed that the IRS has assessed taxes against Revcon NV and Travel America, in the amounts of $59,828.00 and $1,124,631.86, respectively. (Stip. at 8.) Coast has also conceded that the Government "filed notices of the federal tax liens associated with the unpaid assessments against ... Travel America, Inc. [and] Revcon Nevada ... on the dates and with the offices as set forth in the United States' proof of claim filed in this bankruptcy proceeding on January 11, 2005." (*Id.* at 9.)

## IV. CONCLUSION

For the reasons stated above, the Government's Motion for Summary Judgment will be granted, in part, and denied, in part. Coast is judicially estopped from asserting that Travel America and Revcon Nevada are not alter egos. However, despite the application of judicial estoppel, the United States must still meet its *prima facie* burden of proof by preponderance of the evidence that Travel America, Revcon NV, and Debtor are alter egos. Furthermore, should it be determined that Revcon NV and Debtor are alter egos, Coast is not judicially estopped from asserting that its judgment lien has priority over the United States' tax liens. An appropriate order will follow.