**William EDWARDS, Plaintiff-Appellant,**

v.

**AETNA LIFE INSURANCE COMPANY, Defendant-Appellee.**

**No. 80–1665.**

United States Court of Appeals, Sixth Circuit.

Argued April 21, 1982.

Decided Oct. 18, 1982.

Gary Krochmal, Southfield, Mich., for plaintiff-appellant.

John Stevens, Dickinson, Wright, McKean, Cudlip & Moon, Kathleen Lewis, Detroit, Mich., for defendant-appellee.

Before EDWARDS, Chief Circuit Judge, KENNEDY, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge.

William Edwards appeals from the district court's order granting Aetna Life Insurance Company's motion for summary judgment. The district court held that the doctrine of judicial estoppel precludes Edwards from proving that he is entitled to receive disability benefits from Aetna. We reverse because we believe that Edwards should be permitted to prove his right to benefits.

The facts are not disputed. Edwards began working for the Chrysler Corporation in 1964. From June, 1965 until May, 1967, he served with the armed forces, spending part of that time in Vietnam. Upon his discharge, Edwards returned to Chrysler and worked until 1970 when he was no longer able to work because of an illness that was diagnosed as tuberculosis. Edwards returned to Chrysler in 1972 and worked there until November, 1973, when he apparently became too ill to continue working.

In April, 1970, Edwards applied for disability benefits from the Veterans Administration pursuant to 38 U.S.C. Sec. 310, which allows compensation to be paid to those veterans who suffer a "disability resulting from personal injury suffered or disease contracted in [the] line of duty." Although Edwards could not establish that his illness was contracted in the line of duty, he was able to obtain disability benefits from the Veterans' Administration by relying upon a rebuttable presumption that "active tuberculosis disease developing ... within three years from the date of separation from such service" was contracted while the applicant was a member of the armed forces. 38 U.S.C. Sec. 312. Thus, Edwards was able to obtain benefits by proving that he contracted tuberculosis within three years of leaving the service.[1]

The Veterans' Administration concluded that Edwards was entitled to benefits under 38 U.S.C. Sec. 310 and awarded him disability benefits. Apparently, Edwards never made an unequivocal assertion that he contracted tuberculosis as a result of his service in the armed forces.[2]

In February, 1971, Edwards applied to Aetna for extended disability benefits and submitted to Aetna a notice of claim. He asserted that Aetna was required to pay him disability benefits pursuant to Aetna's group insurance policy issued as part of Chrysler's benefit package. In his application for benefits, Edwards indicated that he was receiving disability benefits pursuant to 38 U.S.C. Sec. 310. Aetna concluded that Edwards was not entitled to benefits, relying on the exclusion clause contained in the group policy:

"Section 2. Extended Disability Benefit

C. Exclusions, Limitations and Other Provisions Relating to The Benefits Provided by This Section

No insurance is afforded under this section:

as to extended disability which is caused or contributed to by, or is a consequence of, pregnancy or resulting childbirth, miscarriage, or abortion; or

as to an extended disability which is the result of service in the military (land, water or air) forces or any national or subdivision thereof; provided, however, that the terms of this item (b) shall not apply to any period of extended disability which begins after the Employee has been in the employ of a Participant Employer for at least ten years following his separation from service in such military forces or unless the Employee is at work on or after October 1, 1975."

---

1. The presumption created by Sec. 312 is of great advantage to a claimant such as Edwards. For example, a person may prove that his disease is service connected by submitting an x-ray negative, taken within three years of discharge from the service, which contains evidence of active pulmonary tuberculosis. 38 C.F.R. Sec. 3.371(a)(1) (1981).

2. Edwards has argued that he made no assertions before the Veterans Administration which are inconsistent with his position in this litigation and, thus, that he should not be estopped from proceeding against Aetna. *See generally* note 1, *supra*. We do not reach this issue because we have concluded that judicial estoppel is not applicable in this context.

Consequently, Edwards filed a complaint against Aetna in the district court, seeking to obtain disability benefits under the policy. Both parties stipulated the facts necessary for decision and filed cross-motions for summary judgment. The district court granted Aetna's motion for summary judgment and later denied Edwards' motion for rehearing.

■ The issue before us is whether the doctrine of judicial estoppel should be applied in a subsequent proceeding when a party has previously asserted an inconsistent position in an uncontested, non-judicial, administrative proceeding.[3] Aetna asserts that Edwards, by applying for and receiving benefits pursuant to Sec. 310, has effectively asserted that his disability is service connected. Consequently, Aetna argues that Edwards should be estopped from assuming the position in this litigation that his disability did not result from his service in the armed forces. We reject Aetna's argument because we believe that the policies upon which the rule is based and the precedent in this circuit do not permit the application of judicial estoppel in the context presented here.[4]

■ The policies supporting judicial estoppel are different from those that support the more common doctrines of issue preclusion, equitable and collateral estoppel. Courts apply equitable estoppel to prevent a party from contradicting a position taken in a prior judicial proceeding. See, e.g., Davis v. Wakelee, 156 U.S. 680, 689, 15 S.Ct. 555, 558, 39 L.Ed. 578 (1895). Equitable estoppel enables a party to avoid litigating, in the second proceeding, claims which are plainly inconsistent with those litigated in the first proceeding. Because the doctrine is intended to ensure fair dealing between the parties, the courts will apply the doctrine only if the party asserting the estoppel was a party in the prior proceeding and if that party has detrimentally relied upon his opponent's prior position. See Id. at 689–90, 15 S.Ct. at 558. Collateral estoppel prevents relitigation of factual matters that were fully considered and decided in a prior proceeding. Thus, collateral estoppel operates to prevent repetitive litigation. Tipler v. E. I. du Pont de. Nemours and Co., 443 F.2d 125, 128 (6th Cir. 1971).

■ The doctrine of judicial estoppel applies to a party who has successfully and unequivocally asserted a position in a prior proceeding; he is estopped from asserting an inconsistent position in a subsequent proceeding. Smith v. Montgomery Ward & Co., 388 F.2d 291, 292 (6th Cir. 1968). See City of Kingsport v. Steel & Roof Structure, Inc., 500 F.2d 617, 620 (6th Cir. 1974) (success in prior proceeding necessary). Unlike equitable estoppel, judicial estoppel may be applied even if detrimental reliance or privity does not exist. See Konstantinidis v. Chen, 200 D.C.App. 69, 626 F.2d 933, 937 (1980). This distinction reflects the difference in the policies served by the two rules. Equitable estoppel protects litigants from less than scrupulous opponents. Judicial estoppel, however, is intended to protect the integrity of the judicial process. Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982); Konstantinidis v. Chen, 626 F.2d at 937; Scarano v. Central R. Co., 203 F.2d 510, 512–13 (3rd Cir. 1953) ("such use of inconsistent positions would most fla-

3. We note that the question presented is not whether judicial estoppel is applicable when the initial assertion is made in an administrative proceeding. In Smith v. Montgomery Ward & Co., 388 F.2d 291, 292 (6th Cir. 1968), this court held that the assertion of a position in a contested, workmen's compensation proceeding estopped that party from assuming an inconsistent position in a subsequent personal injury action.

4. Although this is a diversity case, we believe that federal, rather than state, principles provide the rule of decision in this case. Allen v.

Zurich Ins. Co., 667 F.2d 1162, 1167 n.4 (4th Cir. 1982). Judicial estoppel is a rule designed to protect the integrity of judicial institutions. The question primarily concerns federal interests, and, consequently, federal courts must be free to develop principles that most adequately serve their institutional interests. Allen v. Zurich Ins. Co., 667 F.2d at 1167 n.4 See Byrd v. Blue Ridge Rural Electric Co-op., 356 U.S. 525, 535–39, 78 S.Ct. 893, 899–901, 2 L.Ed.2d 953 (1958). See also 18 Wright, Miller & Cooper, Fed.Practice and Procedure, Sec. 4477, p. 787.

grantly exemplify that playing 'fast and loose with the courts' which has been emphasized as an evil the court should not tolerate.") The essential function of judicial estoppel is to prevent intentional inconsistency; the object of the rule is to protect the judiciary, as an institution, from the perversion of judicial machinery. *See Allen v. Zurich Ins. Co.,* 667 F.2d at 1167; *Konstantinidis v. Chen,* 626 F.2d at 939. Collateral estoppel is essentially a finality rule, which serves to conserve judicial resources by precluding the litigation of issues previously decided. Judicial estoppel addresses the incongruity of allowing a party to assert a position in one tribunal and the opposite in another tribunal. If the second tribunal adopted the party's inconsistent position, then at least one court has probably been misled. *See Konstantinidis v. Chen,* 626 F.2d at 938.

■■ In light of the policies underpinning judicial estoppel, the rule can not be applied in a subsequent proceeding unless a party has successfully asserted an inconsistent position in a prior proceeding. *City of Kingsport v. Steel & Roof Structures, Inc.,* 500 F.2d at 620 (judicial estoppel applied only "where the party was successful in its initial reliance and tried to change positions in subsequent litigation"); *Konstantinidis v. Chen,* 626 F.2d at 939. *See also* Wright, Miller & Cooper, 18 Fed.Practice and Proc. Sec. 4477, p. 779. If the initial proceeding results in settlement, the position cannot be viewed as having been successfully asserted. *City of Kingsport,* 500 F.2d at 620; *Konstantinidis,* 626 F.2d at 939 ("a settlement neither requires nor implies any judicial endorsement of either parties claims or theories, and thus, a settlement does not provide the prior success necessary for judicial estoppel"). The requirement that the position be successfully asserted means that the party must have been successful in getting the first court to accept the position.[5] Absent judicial acceptance of the inconsistent position, application of the rule is unwarranted because no risk of inconsistent

results exists. Thus, the integrity of the judicial process is unaffected; the perception that either the first or the second court was misled is not present. *Kingsport,* 500 F.2d at 620; *Konstantinidis v. Chen,* 626 F.2d at 939.

■ We believe that Edwards did not successfully assert an inconsistent position in the previous proceeding before the Veterans' Administration. Aetna asserts that Edwards' application amounted to an assertion that his disability was service connected and, thus, that he should be barred from asserting the contrary in this litigation. Although the proceeding before the Veterans' Administration was an adversary proceeding and Edwards did obtain the relief he sought from that agency, we believe that the relief was the result of the settlement of a contested claim.

An application for benefits must be filed with the administrator of the Veterans Administration. 38 U.S.C. Sec. 3001. The administrator, in order to ascertain the validity of a particular claim, may investigate the validity of the claim. 38 U.S.C. Sec. 3311; 38 C.F.R. Sec. 3.103(c). If the administrator determines that the claimant is not entitled to benefits, the claimant may seek administrative review of this decision by the board of veterans' appeals, a quasi-judicial body within the Veterans' Administration. *See* 38 U.S.C. Sec. 4004; 38 CFR Sec. 19.3. Review on appeal is *de novo;* witnesses are heard, 38 C.F.R. Sec. 19.135, and evidence may be submitted, 38 C.F.R. Sec. 19.141.

These proceedings, both before the administrator and before the board of veterans' appeals, are adversary in nature. If the claimant is not entitled to benefits, then the administrator must deny the application in order to conserve the agency's resources. *Cf.* 38 C.F.R. Sec. 1.451 and Secs. 1.900 *et seq.* Because the relationship between Edwards and the Veterans' Administration is essentially adversary, we view the administrator's decision to pay Edwards' claim, without resorting to a full adversary proceeding before the Board of Veterans' Ap-

---

5. A party need not finally prevail on the merits in the first proceeding. Rather, judicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.

peals, as a decision to settle Edwards' claim. The administrator has chosen to pay Edwards his claim because pursuing the claim through the administrative process was not warranted. Such a settlement makes application of judicial estoppel inappropriate. *Kingsport,* 500 F.2d at 620; *Konstantinidis,* 626 F.2d at 939.

■ Accordingly, we believe that Edwards should not be prevented from going forward in this action. Edwards was not successful in having a judicial body adopt his initial position. Whatever factual or legal dispute existed between Edwards and the Veteran's Administration was settled without resort to litigation. The law of this circuit and the policies underlying judicial estoppel lead us to conclude that such an administrative settlement does not amount to a judicial or quasi-judicial endorsement of Edwards' initial position that his disability was service connected. Absent such an endorsement, judicial estoppel cannot be applied because the requisite success in the initial assertion of the inconsistent position is not present.[6] *Kingsport,* 500 F.2d at 620.

The order granting Aetna summary judgment is reversed, and the case is remanded for proceedings not inconsistent with this opinion.

CORNELIA G. KENNEDY, Circuit Judge, concurring in part and dissenting in part.

I concur in all of the majority's opinion except that portion which holds that the proceeding before the administrator which resulted in the award of benefits was a settlement of Edwards' claim. The majority states that "[t]he administrator has chosen to pay Edwards his claim because pursuing the claim through the administrative process was not warranted." At 599–600. I see the payment of Edwards' claim as a considered decision that he was entitled to the benefits claimed. I would extend the doctrine of judicial estoppel to formal claim

adjudications by governmental agencies of the type involved here whether they acted after a hearing or without a hearing because one was *not* found to be necessary.

The statute requires that those seeking disability benefits file a claim in the form prescribed by the administrator of the Veterans Administration. The regulations provide that:

> (a) Authority is delegated to the Chief Benefits Director and to supervisory or adjudicative personnel within the jurisdiction of the Department of Veterans Benefits designated by him to make findings and decisions under the applicable laws, regulations, precedents, and instructions, as to entitlement of claimants to benefits under all laws administered by the Veterans Administration governing the payment of monetary benefits to veterans and their dependents, within the jurisdiction of Compensation and Pension Service.

38 C.F.R. § 3.100. The decision to award or deny benefits must be based on evidence submitted in accordance with the regulations (38 C.F.R. § 3.103) which require that evidence be under oath. 38 C.F.R. § 3.200. There are time limits on the submission of evidence. 38 C.F.R. § 3.109. The regulations provide for hearings at the request of a claimant. 38 C.F.R. § 3.103(c). The award when made is final unless it is amended in accordance with the regulations, or is appealed to the Board of Veteran Appeals in accordance with the regulations. 38 C.F.R. § 19.153. Further, although additional evidence may be offered on appeal, the appeal is decided on the entire record including the evidence submitted to the administrator. 38 C.F.R. § 19.142. The procedures are as elaborate as those of many courts. Although the person awarding benefits is not titled an administrative law judge but an adjudication officer, the functions performed are not dissimilar. The claims award procedure

---

**6.** Edwards also asserts that this court should enter summary judgment in his favor, arguing that no issue of material fact remains because Aetna has failed to introduce any medical evidence that indicates that Edwards is not disabled or that his condition is the result of his service in the armed forces. We believe, however, that the record before us indicates that several issues of material fact remain, and thus we may not enter summary judgment on behalf of Edwards. Fed.R.Civ.P. 56(c).

is sufficiently analogous to quasi-judicial administrative proceedings that it should be accorded the deference of judicial estoppel.

Had the same award been made by the appellate body, the majority would apply judicial estoppel. However, it was not necessary for the appellate body of the Veterans Administration to pass on Edwards' claim because Edwards was successful in having his position adopted at the lower administrative level. In the case of courts no distinction is made between a final unappealed determination of a trial court and that of an appellate court. Had a hearing been held at the request of the claimant even at this administrative level the majority would presumably find that judicial estoppel was appropriate. I see no reason for applying different standards to the initial administrative decision depending upon whether or not a hearing is held where the decision is surrounded by the extensive regulation and formality accorded here. In either event an official body passed on the merits of Edwards' claim, resolving it in Edwards' favor on a basis inconsistent with that urged by Edwards in this Court.

Accordingly, I would affirm the judgment of the District Court.