**David McMASTER and Kelly McMaster, Plaintiffs,**

v.

**TELEDYNE PINE, A DIVISION OF TELEDYNE INDUSTRIES, INC., John Doe # 2, John Doe # 3, John Doe # 4, Defendants.**

No. 3:92–CV–7437.

United States District Court, E.D. Michigan.

Nov. 30, 1993.

Timothy A. Shimko, Theresa A. Tarchinski, Cleveland, OH, Georgia Gauthier, Wauseon, OH, for plaintiffs.

James R. Jeffery, Susan B. Nelson, Spengler Nathanson, Toledo, OH, Brian N. Johnson, ·Gregory G. Scott, Sheila T. Kerwin, Popham, Haik, Schnobrich & Kaufmann, Minneapolis, MN, for defendants.

### OPINION AND ORDER DENYING DEFENDANT TELEDYNE PINE'S MOTION FOR SUMMARY JUDGMENT

ZATKOFF, District Judge.

## I. INTRODUCTION

This matter is before the Court on defendant Teledyne Pine, a division of Teledyne Industries, Inc.'s ("defendant Teledyne") motion of September 3, 1993, for summary judgment. Fed.R.Civ.P. 56. Plaintiffs have filed a response brief, to which defendant Teledyne has filed a reply brief. Upon a review of the motion, the briefs, and the supporting documentation submitted to this Court by the parties, this Court will dispense with oral argument on this motion. Local Rule 8:8.1(g). For the reasons set forth below, defendant Teledyne's motion for summary judgment shall be denied.

## II. BACKGROUND

In February 1990, David McMaster ("plaintiff") began working at Bil–Jax, Inc., a company engaged in the business of making scaffolding and other construction products. On August 10, 1990, plaintiff was assigned to work on a pipe bending machine. Towards the end of his shift, plaintiff was injured while working on the pipe bending machine, and suffered amputation of all or part of three fingers on his left hand.

Plaintiff sued his employer, Bil–Jax, under Ohio law in the State Court in Fulton County, Ohio. Plaintiff also brought the instant action against defendant Teledyne, the manufacturer of the pipe bending machine that injured plaintiff.

In the state court action, Bil–Jax filed a motion for summary judgment on February 25, 1993. Plaintiff filed a response on March 26, 1993, and a subsequent response to Bil–Jax's reply brief. Under Ohio common law, in order for plaintiff to prevail on his claim against Bil–Jax, plaintiff had the burden of

proving that: (1) his employer had knowledge of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) that his employer knew that if the employee was subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee would be a substantial certainty; and (3) the employer, under such circumstances, and with such knowledge, required the employee to continue to perform the dangerous task. *See* plaintiff's brief in opposition to Bil–Jax's motion for summary judgment in state court, attached as Ex. A to defendant Teledyne's motion for summary judgment.

The crux of plaintiff's opposition to Bil–Jax's motion for summary judgment was based on the opinion of plaintiff's expert, Gary Robinson. Plaintiff argued in state court that: (1) if the machine had a proper safety guard in place, plaintiff would not have been injured; (2) if the control panel had been placed in the proper position, plaintiff's injury would never have occurred; (3) if Bil–Jax had equipped the control panel with dual palm control, plaintiff's injuries would not have occurred; and (4) if plaintiff had been provided with a hand tool, such a pliers, his hand never would have been in the point of operation and his injuries would not have occurred. *See* plaintiff's response to Bil–Jax's reply in state court at 3–4, attached as Ex. D to defendant Teledyne's motion for summary judgment.

In an opinion filed on May 18, 1993, the state court denied Bil–Jax's motion for summary judgment, stating that:

> The State legislature and its courts have made a policy decision to authorize and codify the intentional tort causes of action under Sec. 4121.80 (now repealed) and *Van Fossen v. Babcock & White Co.* (1988) 36 O.S.3d 100 [522 N.E.2d 489]. It is not the prerogative of this Court to disabuse this policy decision, even though it may personally disagree with it. Once such a decision has been made, litigants have a right to present their legitimate, albeit arguable, claims to the judicial process for resolution, especially so where differences of opinion reasonably exist, as here.

> In review of all the facts and circumstances of the present case, and in construing all the facts and inferences in Plaintiff's favor, this Court cannot say, as a matter of law, that the alleged dangerous condition created by Bil–Jax's alleged failure to secure the proper placement of the control box, its alleged failure to properly instruct Plaintiff in the safety features of the machine, its alleged failure to provide for or comply with its own safety policy, its alleged failure to provide for safety guarding, it failure to provide hand tools, is so insignificant that it should be relieved, as a matter of law, of any liability for failing to adequately warn its operators of the machine of the implicit danger created thereby, or of adequately protecting them from such danger, or that it is entitled to a finding that it did not have knowledge of such dangerous situation, or that injury was not substantially certain to occur.

> Accordingly the Court finds, construing all the facts and inferences in Plaintiff's favor, that reasonable minds could come to more than one conclusion, and that which is adverse to defendant Bil–Jax, Inc.; that Defendant Bil–Jax's motion is not in the interest of justice, and that the same should and ought to be DENIED.

State Court's Opinion at 3–5, attached as Ex. A to plaintiffs' response brief in opposition to defendant Teledyne's motion for summary judgment.

Plaintiffs subsequently settled their state court action against Bil–Jax. As noted above, defendant Teledyne filed its motion for summary judgment in the instant suit on the grounds that plaintiffs cannot assert an inconsistent claim against defendant Teledyne under the doctrine of judicial estoppel. In the instant products liability suit, plaintiffs assert claims against defendant Teledyne based on design defect, breach of implied and expressed warranties, and failure to warn.

### III. DISCUSSION

#### A. STANDARD OF REVIEW

Defendant Teledyne filed its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Un-

der Rule 56, summary judgment is appropriate only where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the non-moving party." *Id.* 477 U.S. at 247, 106 S.Ct. at 2510.

## B. THE LAW REGARDING JUDICIAL ESTOPPEL

■■■ After a thorough review of the cases decided by the Sixth Circuit which touch upon the doctrine of judicial estoppel, this Court concludes that it cannot improve upon the comments contained in *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595 (6th Cir. 1982):

The doctrine of judicial estoppel applies to a party who has successfully and unequivocally asserted a position in a prior proceeding; he is estopped from asserting an inconsistent position in a subsequent proceeding.... Unlike equitable estoppel, judicial estoppel may be applied even if detrimental reliance or privity does not exist.... This distinction reflects the difference in the policies served by the two rules. Equitable estoppel protects litigants from less than scrupulous opponents. Judicial estoppel, however, is intended to protect the integrity of the judicial process.... The essential function of judicial estoppel is to prevent intentional inconsistency; the object of the rule is to protect the judiciary, as an institution, from the perversion of judicial machinery.... Judicial estoppel addresses the incongruity of allowing a party to assert a position in one tribunal and the opposite in another tribunal. If the second tribunal adopted the

party's inconsistent position, than at least one court has probably been misled....

In light of the policies underpinning judicial estoppel, the rule can not [sic] be applied in a subsequent proceeding unless a party has successfully asserted an inconsistent position in a prior proceedings.... *If the initial proceeding results in settlement, the position cannot be viewed as having been successfully asserted.... The requirement that the position be successfully asserted, means that the party must have been successful in getting the first court to accept the position.[ ]* Absent judicial acceptance of the inconsistent position, application of the rule is unwarranted because no risk of inconsistent results exists. Thus the integrity of the judicial process is unaffected; the perception that either the first or the second court was misled is not present....

*Id.* at 598–99 (citations omitted) (footnote omitted) (emphasis added).

In the omitted footnote, the *Edwards* Court emphasized that: "A party need not finally prevail on the merits in the first proceeding. Rather, judicial acceptance means only that *the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.*" *Id.* at 599 n. 5 (emphasis added). Despite the fact that the judicial acceptance requirement "allows parties to contradict themselves in court, it threatens only the integrity of the parties, not of the court." *Teledyne Indus., Inc. v. N.L.R.B.*, 911 F.2d 1214, 1218 (6th Cir.1990) (citations omitted). In addition, "federal courts ... rely on impeachment during cross-examination to deter parties from contradicting their prior statements. Requiring prior judicial acceptance protects the truth-seeking function of the court, while preserving the court's integrity." *Id.* It must be remembered that "[j]udicial estoppel is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement.[ ]" *Id.* at 1218 (footnote omitted).

### C. DEFENDANT TELEDYNE'S MOTION

 The dispositive issue here is whether the state court in ruling on Bil–Jax's motion for summary judgment accepted plaintiffs' position as asserted in their briefs in opposition to the motion. While both parties end up focusing on whether the state court *relied* on the position taken by plaintiffs in the state court proceeding, *see* plaintiffs' brief in opposition at 4–7; defendant Teledyne's reply brief at 2–4, the issue is whether the state court *accepted* plaintiffs' position. Specifically, the narrow issue before this Court is whether the state court's denial of Bil–Jax's motion for summary judgment, on the grounds that genuine issues of material facts exist, constitutes judicial acceptance of plaintiffs' position that but for the actions and inactions of Bil–Jax the accident never would have occurred. Neither party cited to a case that was directly on point. In addition, this Court was unable to find a case that was directly on point.

 It is the opinion of this Court, based on the facts in this case, that judicial estoppel does not bar plaintiffs' instant suit. The state court never adopted plaintiffs' position "either as a preliminary matter or as part of a final disposition." *Edwards,* 690 F.2d at 599 n. 5. Indeed, the state court adopted neither plaintiffs' nor Bil–Jax's position in that case. The state court held that genuine issues of material fact preclude it from adopting either parties' position. In order for the state court to have adopted plaintiffs' position under the facts of this case, the state court would have had to grant partial summary judgment in favor of plaintiffs on the issue of liability. The parties subsequent settlement of the case precludes this Court, under these facts, to subvert the truth-seeking function by granting summary

judgment in favor of defendant Teledyne on the grounds of judicial estoppel.[1]

Accordingly, defendant Teledyne's motion for summary judgment must be denied.

### IV. CONCLUSION

For all of the aforementioned reasons, IT IS HEREBY ORDERED that defendant Teledyne's motion for summary judgment is DENIED.

IT IS SO ORDERED.

---

1. It is clear that under some circumstances a settlement will result in judicial estoppel being applied in a later litigation. *See, e.g., Reynolds v. Commissioner of Internal Revenue,* 861 F.2d 469 (6th Cir.1988) (applying judicial estoppel in tax action against husband, where the Commissioner of Internal Revenue admitted in a previous *bankruptcy court-approved* stipulation that the wife was liable for this tax). This is not the case here. The state court never adopted plaintiffs' position that Bil–Jax was liable for intentionally creating a dangerous work environment under Ohio common law. Moreover, no evidence was presented to this Court to establish that in the state court settlement, the state court found Bil–Jax liable or that Bil–Jax admitted liability. Thus, judicial estoppel cannot be applied. *See Teledyne,* 911 F.2d at 1219 ("Judicial estoppel cannot apply without some decision or admission in the district court's agreed orders as to whether [the employees] ... actually engaged in the alleged misconduct.").