REINHARDT, Circuit Judge,
dissenting:
During his divorce proceedings, Murray represented to the Florida courts that he was not Baby J.’s natural father, presumably in an effort to avoid certain financial obligations that would follow from a finding of paternity. Now, in an effort to obtain money damages from a county social worker, he asserts that at the same time he was representing to Florida courts that he was not Baby J.’s father, he was entitled to a presumption under California law that he is Baby J.’s natural father. See Cal. Fam.Code § 7611 (“A man is presumed to be the natural father of a child if ....”) (emphasis added). Murray’s vigilance in asserting his presumed parental rights in California makes it clear that “the [Florida] ... court was misled” when it concluded, at Murray’s urging, that he was not the natural father and that no children were born of his marriage. New Hampshire v. Maine, 582 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 (6th Cir.1982)). Murray found one position convenient when it helped him avoid child support payments, and another convenient when faced with the possibility that his child would be placed in foster care. I would therefore hold that Murray’s assertion of presumed fatherhood in this case is clearly inconsistent with his denial of paternity in the Florida courts, and I certainly cannot agree with the majority that the district judge abused his discretion in finding such to be the case.
Moreover, even if I agreed with the majority that California’s use of a statutory presumption to determine natural paternity injects a degree of ambiguity into the analysis of clear inconsistency, I still would not hold that the district judge abused his equitable discretion in this case. Judicial estoppel “is an equitable doctrine invoked by a court at its discretion.” Id. (quoting Russell v. Rolfs, 893 F.2d 1033, *175 1087 (9th Cir.1990)). The Supreme Court has advised us that there are no “inflexible prerequisites or an exhaustive formula” that governs the district judge’s discretion to invoke judicial estoppel. Id. at 751, 121 S.Ct. 1808. The facts here are quite disturbing. Murray represented to the Florida courts that he was not Baby J.’s father until he succeeded in obtaining a final divorce judgment finding that “no children were born of the marriage” between Murray and Baby J.’s mother on October 4, 2006, two months after Murray had informed a California agency of his presumed paternity and asked for a paternity test. Accordingly, even if the majority were correct that Murray’s position in this suit is not clearly inconsistent with his denial of natural fatherhood in Florida courts, I would still hold that the district judge acted within his equitable discretion in concluding that Murray’s prior denial of paternity “firmly tip[s] the balance of equities in favor of barring” this suit. Id.
I respectfully dissent.