**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HUBEI GEZHOUBA SANLIAN INDUSTRIAL, CO., LTD., a company located in Hubei Province, People's Republic of China and HUBEI PINGHU CRUISE CO., LTD., a company located in Hubei Province, People's Republic of China, <br><br>      Plaintiffs - Appellees, <br><br>  v. <br><br> ROBINSON HELICOPTER COMPANY, INC., a California corporation, <br><br>      Defendant - Appellant. | No. 09-56629 <br><br> D.C. No. 2:06-cv-01798-FMC-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted March 9, 2011
Pasadena, California

Before: RYMER, CALLAHAN, and IKUTA, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robinson Helicopter Company ("RHC") is estopped from arguing that the judgment of the Higher People's Court of Hubei Province in the People's Republic of China (PRC) in favor of Hubei Gezhouba Sanlian Industrial and Hubei Pinghu Cruise Company (collectively, "Hubei") is not "enforceable where rendered" under California's Uniform Foreign-Money Judgments Recognition Act (UFMJRA), Cal. Civ. Proc. Code § 1713 *et seq.* (2006), *repealed by* 2007 Cal. Stat. ch. 212. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). RHC's failure to pay the final PRC judgment was "clearly inconsistent" with RHC's stipulation to the California court that it would "abide by any final judgment rendered in the civil action commenced in China." *See id.* at 750. Moreover, accepting RHC's argument that the PRC judgment is no longer enforceable would create the perception that the California court was "misled" in granting RHC's forum non conveniens motion and would "impose an unfair detriment" on Hubei. *See id.* at 750–51 (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)). The balance of equities in this case tips in favor of Hubei. *Id.* at 751. Therefore, in the interest of "protect[ing] the integrity of the judicial process," we decline to consider RHC's argument regarding the PRC's domestic statute of limitations. *Id.* at 749 (quoting *Edwards*, 690 F.2d at 598).

RHC's stipulation to the California court that it would "submit to [the] jurisdiction of the appropriate civil court in China" bars it from arguing for non-recognition of the PRC judgment on the basis of the PRC court's alleged lack of personal jurisdiction. *See* Cal. Civ. Proc. Code § 1713.5(a)(3) (2006). The district court's factual finding that Robinson received sufficient actual notice of the PRC action was not clearly erroneous, *see United States v. Bell*, 602 F.3d 1074, 1079 (9th Cir. 2010), and therefore Robinson's argument for non-recognition of the PRC judgment on the basis of a lack of adequate notice, *see* Cal. Civ. Proc. Code § 1713.4(b)(1) (2006), also fails. Finally, because RHC has not shown that California courts may refuse to recognize foreign money judgments on grounds other than those listed in the UFMJRA, any technical non-compliance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, cannot serve as an independent basis for non-recognition of the PRC judgment. *Cf.* Cal. Civ. Proc. Code § 1713.3 (2006); *Manco Contracting Co. (W.W.L.) v. Bezdikian*, 195 P.3d 604, 610 (Cal. 2008).

**AFFIRMED.**