ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
JAAAT Technical Services, LLC ) ASBCA No. 62373
)
Under Contract No. W912HN-10-D-0063 )

APPEARANCE FOR THE APPELLANT: Andrew T. Bodoh, Esq.
 Thomas H. Roberts & Associates, P.C.
 Richmond, VA

APPEARANCES FOR THE GOVERNMENT: Michael P. Goodman, Esq.
 Engineer Chief Trial Attorney
 Laura J. Arnett, Esq.
 Engineer Trial Attorney
 U.S. Army Engineer District, Savannah

OPINION BY ADMINISTRATIVE JUDGE SWEET

On April 28, 2020, the Army Corps of Engineers (Corps) moved to dismiss, or in the alternative, for summary judgment, on the grounds that the complaint of appellant JAAAT Technical Services, LLC (JAAAT) purportedly asserts a claim regarding (1) labor burden costs that is unsupported; (2) its subcontractor's costs (pass-through claim) that violates the *Severin* doctrine; (3) permanent power and FEDS-E that is barred by the doctrine of accord and satisfaction; and (4) a permit that is barred by the doctrine of judicial estoppel. In response, JAAAT concedes that its complaint erroneously included labor burden and permanent power claims, and a reference to FEDS-E (app. resp. at 5, 7, 11).[1] However, JAAAT disputes the Corps' arguments that judicial estoppel and the *Severin* doctrine bar JAAAT's permit and pass-through claims respectively (*id*. at 6, 8-11).

As discussed in greater detail below, judicial estoppel and the *Severin* doctrine do not bar JAAAT's permit and pass-through claims respectively. Therefore, the Corps' motion is granted in part, and denied in part. We strike the labor burden and permanent

---

[1] In its motion, the Corps indicates that, in the event that JAAAT removes its labor burden claim, we should grant summary judgment based upon the other asserted grounds (gov't mot. at 2). JAAAT agreed to the removal of its labor burden claim, so we treat the remainder of the Corps' motion as a summary judgment motion.

power claims, and the reference to FEDS-Es.[2]  However, we deny the remainder of the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION[3]

I.  Background

1.  On September 30, 2010, the Corps awarded Contract W912HN-10-D-0063 (0063 Contract)—a multiple award task order contract for design/build or construction type tasks in the South Atlantic Division Area—to JAAAT (R4, tab 3.01 at 1180-82).

2.  On June 18, 2012, the Corps awarded Task Order 0002 under the 0063 Contract to JAAAT for $15,315,185 for the design and construction of a sensitive compartmented information facility addition at Fort Gordon, Georgia (Whitelaw Wedge Addition Project) (R4, tab 3.04).

II.  Procedural History

3.  On January 1, 2017, JAAAT submitted a certified claim (claim) for $3,215,346 and a time extension of 342 days as an equitable adjustment under the Changes Clause (FAR 52.243-4) due to the Corps' alleged (1) interfering with JAAAT's ability to obtain a National Pollutant Discharge Elimination Systems (NPDES) permit; (2) furnishing the furniture, fixtures, and equipment (FF&E) design late; (3) increasing JAAAT's permanent power process costs, and (4) accelerating the schedule.  The claim does not seek damages for breach of contract.  (R4, tab 2.01 at 151, 153, 232)  The claim included a pass-through claim for JAAAT's subcontractor, Tetra Tech, Inc. (Tetra Tech) (R4, tab 2.01 at 168, 570, 750, 1078, 1164, 1018).

4.  On October 11, 2019, the Corps issued a contracting officer's final decision, which denied the claim (R4, tab 1.02).

5.  JAAAT filed an appeal, which we docketed as ASBCA No. 62373.  In its complaint, JAAAT seeks the same $3,215,346 and an additional 342 calendar day extension sought in its claim, based upon the grounds asserted in the claim (compl. ¶¶ 1, 5-10, 12).

---

[2] The parties agree that removal of the labor burden and permanent power claims reduces JAAAT's claim to $2,533,005 (app. resp. at 5 n.1, 7; gov't reply at 2).  It does not appear that any costs are associated with the erroneous reference to FEDS-E.
[3] We do not discuss the facts related to the labor burden, permanent power, and FEDS-E issues because JAAAT concedes those issues.

## II. Tetra Tech Litigation

6. On February 10, 2017, Tetra Tech filed an action against JAAAT in a state court in Georgia for breach of contract and unjust enrichment regarding the Whitelaw Wedge Addition Project (Tetra Tech Litigation). JAAAT successfully moved to remove that action to the United States District Court for the Southern District of Georgia (District Court). (R4, tab 8.04 at 4,702)

7. On April 7, 2017, JAAAT filed its answer, affirmative defenses, and counterclaim in the Tetra Tech Litigation, which alleged that Tetra Tech "[f]aile[d] to timely obtain and support the issuance of the NPDES Permit" (R4, tab 8.04 at 4,750).

8. In early November 2017, JAAAT, Tetra Tech, Tetra Tech Tesoro, Inc.,[4] and the project sureties—which had satisfied claims brought by subcontractors and suppliers of JAAAT and Tetra Tech Tesoro under the payment bond—subsequently settled several outstanding lawsuits, including the Tetra Tech Litigation and Tetra Tech Tesoro's lawsuits against the sureties (gov't reply ex. B at 2). Under the terms of the settlement agreement, the parties executed a release in exchange for JAAAT paying the sureties $2.8 million, and Tetra Tech guaranteeing that payment (*id*. at 4-6). The settlement agreement stated that "[n]othing in this Agreement shall be construed as an admission of liability by any of the Parties to this Agreement" (*id*. at 7).

9. On January 5, 2018, the parties submitted a joint stipulation of dismissal with prejudice to the District Court, which indicated that "[n]either Party will be deemed a prevailing party" (gov't memo. ex. 4b at 1).

10. On January 8, 2018, the District Court dismissed the Tetra Tech Litigation with prejudice (gov't memo. ex. 4a at 1).

## DECISION

Contrary to the Corps' arguments, judicial estoppel and the *Severin* doctrine do not bar JAAAT's permit and pass-through claims respectively as a matter of law.

## I. Standard of Review

Summary judgment is appropriate only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A material fact is one that may affect the outcome of the decision. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

---

[4] Tetra Tech Tesoro was a subsidiary of Tetra Tech, and a major subcontractor performing and managing the subcontract (R4, tab 8.04 at 4749-50).

There is a "genuine" dispute as to such a fact if "the evidence is such that a reasonable [fact-finder] could return a verdict for the nonmoving party." *Id.*

## II. Judicial Estoppel Does Not Bar JAAAT's Permit Claim

Judicial estoppel does not bar JAAAT's permit claim as a matter of law because, since it is undisputed that the parties settled the Tetra Tech Litigation, JAAAT did not succeed in persuading the District Court to accept its earlier position that Tetra Tech "[f]aile[d] to timely obtain and support the issuance of the NPDES Permit" (SOF ¶ 7). "The doctrine of judicial estoppel is that where a party successfully urges a particular position in a legal proceeding, it is estopped from taking a contrary position in a subsequent proceeding where its interests have changed." *Data General Corp. v. Johnson*, 78 F.3d 1556, 1565 (Fed. Cir. 1996). Three factors determine whether judicial estoppel applies: whether a party (1) takes a later position that is clearly inconsistent with its earlier position; (2) succeeded in persuading a tribunal to accept its earlier position; and (3) would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Trustees in Bankruptcy of N.A. Rubber Thread Co., Inc. v. United States*, 593 F.3d 1346, 1353-54 (Fed. Cir. 2010).[5]

Under the second factor, "'[a] settlement neither requires nor implies any judicial endorsement of either party's claim or theories, and thus a settlement does not provide the prior success necessary for judicial estoppel.'" *Water Tech. Corp. v. Calco, LTD.*, 850 F.2d 660, 666 (Fed. Cir. 1988) (quoting *Konstantinidis v. Chen*, 626 F.2d 933, 939 (D.C. Cir. 1980)). As a result, "'[i]f the initial proceeding results in settlement, the position cannot be viewed as have been successfully asserted' and estoppel is inapplicable." *Id.* (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)).[6]

Here, as in *Water Technology*, JAAAT did not succeed in persuading the District Court to accept its earlier position because it is undisputed that the initial proceeding resulted in a settlement, not a decision on the merits (SOF ¶ 8). Indeed, the conclusion

---

[5] Judicial estoppel applies even if one of the tribunals is an administrative agency. *Rubber Thread*, 593 F.3d at 1354.

[6] *Kale v. Obuchowski*, 985 F.2d 360, 362 (7th Cir. 1993)—which the Corps cites—is not binding precedent and appears to be inconsistent with *Water Technology*. In any event, even under *Kale*, judicial estoppel would not bar the permit claim. *Kale* adopts a distinction between settlements under which neither side prevails—which do not support judicial estoppel—and settlements that represent a capitulation— which support judicial estoppel. *Id.* Here, the settlement falls into the former category because it is undisputed that the stipulation of dismissal expressly stated that "[n]either Party will be deemed a prevailing party" and the settlement agreement expressly stated that "[n]othing in this Agreement shall be construed as an admission of liability by any of the Parties to this Agreement." (SOF ¶¶ 8-9)

that JAAAT did not succeed in persuading a tribunal to accept its earlier position is even stronger here than it was in *Water Technology* because it is undisputed that the stipulation of dismissal submitted in this case expressly stated that "[n]either Party will be deemed a prevailing party" (SOF ¶ 9). Moreover, it is undisputed that the settlement agreement expressly stated that "[n]othing in this Agreement shall be construed as an admission of liability by any of the Parties to this Agreement" (SOF ¶ 8). Because JAAAT did not succeed in persuading the District Court to accept its earlier position, judicial estoppel does not bar JAAAT's permit claim. *Rubber Thread*, 593 F.3d at 1354.[7]

III. The *Severin* Doctrine Does Not Bar JAAAT's Pass-Through Claim

The *Severin* doctrine does not bar JAAAT's pass-through claim because it is undisputed that JAAAT's claim is not based solely upon a breach of contract theory. Under the doctrine first enunciated in *Severin v. United States*, 99 Ct. Cl. 435 (1943) (*Severin* doctrine), "a prime contractor may sue the Government for damages incurred by one of its subcontractors through the fault of the Government . . . only when the prime contractor has reimbursed its subcontractor for the latter's damages or remains liable for such reimbursement in the future." *Blount Bros. Const. v. United States*, 348 F.2d 471, 471 (Ct. Cl. 1965) (quoting *J.L. Simmons Co. v. United States*, 304 F.2d 886, 888 (1962)). However, the "application of the *Severin* doctrine has been narrowly construed." *E.R. Mitchell Constr. Co. v. Danzig*, 175 F.3d 1369, 1371 (Fed. Cir. 1999) (quoting *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1552 & n. 8 (Fed. Cir. 1983)). Thus, "where the claim is not based solely upon a breach of contract as was the case in *Severin*, but is rather a claim for an equitable adjustment by a prime contractor pursuing a remedy redressable under the contract, then the *Severin* rule is inapplicable." *CWC, Inc.*, ASBCA No. 26432, 82-2 BCA ¶ 15,907; *see also Owens-Corning Fiberglas Corp. v. United States*, 419 F.2d 439, 457 (Fed. Cir. 1969); *Jordan-DeLaurenti, Inc.*, ASBCA Nos. 45467, 46589, 94-3 BCA ¶ 27,031 (holding that the *Severin* doctrine does not apply where a contractor pursues a claim for an equitable adjustment under the suspension of work or changes clauses).

Here, it is undisputed that JAAAT's claim is not based solely upon a breach of contract theory (SOF ¶ 8). Rather, it is undisputed that JAAAT's claim is for an equitable adjustment pursued as a remedy redressable under the contract—specifically the Changes Clause (SOF ¶ 3). Therefore, the *Severin* doctrine does not bar JAAAT's pass-through claim as a matter of law. *Owens-Corning*, 419 F.2d at 457; *Jordan-DeLaurenti*, 94-3 BCA ¶ 27,031; *CWC*, 82-2 BCA ¶ 15, 907.

---

[7] We do not address whether JAAAT takes a position in this appeal that is clearly inconsistent with its earlier position, or would derive an unfair advantage or impose an unfair detriment on the Corps if not estopped because we conclude that JAAAT did not succeed in persuading the District Court to accept its earlier position.

5

## CONCLUSION

For the foregoing reasons, the Corps' motion is granted in part, and denied in part. We strike the labor burden and permanent power claims, and the reference to FEDS-Es; however, we deny the remainder of the motion.

Dated: October 26, 2020

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62373, Appeal of JAAAT Technical Services, LLC, rendered in conformance with the Board's Charter.

Dated: October 26, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

6