NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO MAYEN, <br><br>                Plaintiff - Appellant, <br><br>   v. <br><br> COUNTRYWIDE HOME LOANS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; THE BANK OF NEW YORK MELLON, as Trustee for the Certificate Holders of CWMBS, Inc. formerly known as The Bank of New York; CHL MORTGAGE PASS-THROUGH TRUST 2005-07; MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-07; NEWREZ, LLC, doing business as Shellpoint Mortgage Servicing, <br><br>                Defendants - Appellees. | No. 24-6421 <br><br> D.C. No. 3:23-cv-01915-RBM-AHG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

Submitted May 29, 2026[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON, FRIEDLAND, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Julio Mayen appeals from the district court's judgment dismissing, based on judicial estoppel, his claims against Defendants-Appellees for breach of fiduciary duty, breach of contract, alleged securities-regulation and consumer-protection violations, and declaratory relief. He also appeals the district court's denial of his motion for reconsideration of the dismissal order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the district court's application of the doctrine of judicial estoppel. *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013). We review de novo constitutional claims. *Guerrier v. Garland*, 18 F.4th 304, 308 (9th Cir. 2021). "Ordinarily, we review a district court's decision to deny a party leave to amend its complaint for an abuse of discretion," but "if a district court denies leave to amend based on the futility of the amendment …, we review the decision de novo." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 807 (9th Cir. 2020). We review for abuse of discretion a district court's denial of a motion to reconsider. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

1. The district court did not abuse its discretion in holding that Mayen's claims were barred by judicial estoppel. The Supreme Court has "listed three factors that courts *may* consider in determining whether to apply the doctrine of judicial

2                                                                                          24-6421

estoppel." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). "First, a party's later position must be clearly inconsistent with its earlier position." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citation modified). "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Id.* (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)). "A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751. Although these factors do not amount to "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," *id.*, the Ninth Circuit "has restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position," *Hamilton*, 270 F.3d at 783.

Here, all three *New Hampshire* factors favor the district court's application of judicial estoppel. Mayen does not contest the district court's conclusion on the first factor: that Mayen "asserted inconsistent positions in his three bankruptcy cases and the instant case by not disclosing any claims against the [d]efendants in his bankruptcy schedules." And the district court did not abuse its discretion in determining, with respect to the second and third factors, that "the bankruptcy court

3                                                                 24-6421

accepted [Mayen]'s position by granting automatic stays for the duration of his three bankruptcies" and that Mayen "derived an unfair advantage by receiving the benefit of automatic stays without disclosing all of his potential assets." That Mayen did not obtain plan confirmation or discharge in his bankruptcy cases, does not mean that the district court abused its discretion in this respect. *See Hamilton*, 270 F.3d at 784–85.

Mayen's heavy reliance on *Ah Quin* is misplaced. Essential to the *Ah Quin* decision was the "key factor" that the plaintiff in that case "reopened her bankruptcy proceedings and filed amended bankruptcy schedules that properly listed [the claim at issue] as an asset." 733 F.3d at 272. Here, Mayen concedes he never sought to reopen his bankruptcy proceedings to file amended bankruptcy schedules.

2. Mayen's constitutional arguments—that the district court's disposition of the case violated the Seventh Amendment and that the district court used judicial estoppel "to extinguish jury-triable, property-based claims without due process of law"—lack merit. Dismissal based on valid procedural grounds without a jury trial does not violate the Seventh Amendment. *See, e.g.*, *In re U.S. Fin. Sec. Litig.*, 609 F.2d 411, 422 & n.34 (9th Cir. 1979). And the record does not support Mayen's contention that he was deprived of "adequate process."

3. The district court did not err in denying leave to amend. Given the district court's conclusion that Mayen's claims were "barred by judicial estoppel," the

district court's conclusion that "amendment would be futile" was not erroneous. Mayen cites to no authority to support the proposition that dismissal based on judicial estoppel must be without prejudice, and we have found none.

4. For the reasons discussed above—and because Mayen failed to show any grounds for reconsideration independent of his arguments regarding the merits of the district court's dismissal—the district court did not abuse its discretion in denying reconsideration.

**AFFIRMED.**[1]

---

[1] Mayen's motions for judicial notice (Dkt. Nos. 3, 44) are denied.