

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2002

# Legion Ins Co v. John Hancock

Precedential or Non-Precedential:

Docket No. 01-4213

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Legion Ins Co v. John Hancock" (2002). *2002 Decisions.* Paper 264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-4213
_____

LEGION INSURANCE COMPANY,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge:  The Honorable John P. Fullam
(Civil Action No. 01-mc-00187)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 26, 2002

Before:  ROTH, FUENTES, and GIBSON, Circuit Judges.

(Opinion Filed: April 11, 2002)
_____

OPINION OF THE COURT
_____ FUENTES, Circuit Judge:

John Hancock Mutual Life Insurance Company ("John Hancock") and Legion
Insurance Company ("Legion") are parties to an arbitration being conducted in
Philadelphia.  John Hancock petitioned the United States District Court for the Eastern
District of Pennsylvania to enforce a subpoena issued by the arbitration panel to a third
party, Stirling Cooke Insurance Services ("SCIS"), which is based in Florida.  On October
23, 2001, the District Court denied that petition.  John Hancock now appeals.

Because we find that the District Court properly denied John Hancock's motion to
enforce a subpoena issued to a nonparty located in the State of Florida, we will affirm.

I.

The arbitration proceeding between Legion and John Hancock began in June of
1999.  Legion sought to recover amounts allegedly owed by John Hancock under various
reinsurance treaties.  The Arbitration Panel bifurcated the arbitration into two phases.
Phase I covered John Hancock's claim for rescission.  Phase II covered Legion's damages
and John Hancock's contract defenses, in the event that John Hancock was unable to
establish its rescission claim.

On August 8, 2001, the Arbitration Panel, at John Hancock's request, issued a
deposition subpoena duces tecum for Russell Abernathy, an employee of SCIS.  The
subpoena required him to appear for deposition in Florida and to bring with him certain
documents and papers.  After Abernathy's counsel informed John Hancock that
Abernathy would not appear for the deposition, John Hancock filed a motion to enforce
the subpoena in the District Court.  Finding that it lacked personal jurisdiction over
Abernathy, the court denied the motion on September 5, 2001.

On August 23, 2001, the Arbitration Panel had issued a subpoena duces tecum
directed to the records custodian of SCIS (the "August 23rd SCIS Subpoena").  SCIS

subsequently informed John Hancock that it would not comply with the August 23rd SCIS Subpoena. On October 5, 2001, John Hancock requested the Arbitration Panel to issue a new subpoena to SCIS (the "October 5th SCIS Subpoena").

On October 11, 2001, the Arbitration Panel issued its Final Order for Phase I of the arbitration, finding that the treaties at issue in the arbitration are not rescinded. The next day, the Arbitration Panel advised the parties that it would not issue the October 5th SCIS subpoena "at this late date."

On October 12, 2001, John Hancock filed a motion with the District Court to enforce the August 23rd SCIS Subpoena, which is the subject of the present appeal. The court denied the motion on October 23, 2001, referencing its previous order denying John Hancock's motion for enforcement in the Abernathy matter based on a lack of personal jurisdiction. John Hancock filed a motion for reconsideration, which was denied on November 5, 2001. John Hancock now appeals from the District Court's order denying John Hancock's motion for enforcement of the August 23rd SCIS Subpoena.

II.

The District Court had jurisdiction over this case under the Federal Arbitration Act, 9 U.S.C. 7. We have appellate jurisdiction pursuant to 28 U.S.C. 1291. At issue is whether the District Court properly interpreted the subpoena service requirements of the Federal Arbitration Act ("FAA"). We exercise de novo review of a district court's interpretation of statutes or other legal standards. See Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197 (3d Cir. 1998).

III.

This case requires that we consider whether the District Court for the Eastern District of Pennsylvania has the power to enforce an arbitration subpoena directed to a nonparty located in Florida. The parties agree that the FAA controls the issuance and service of arbitration subpoenas. Legion contends that the District Court does not have the power to enforce the arbitration subpoena against SCIS because its power is geographically limited. John Hancock, in contrast, maintains that no territorial boundaries restrict the service of arbitration subpoenas, citing to language in the FAA which states that arbitrators "may summon in writing any person to attend before them." 9 U.S.C. 7 (emphasis added).

In addition to the language relied upon by John Hancock, the FAA provides that arbitration subpoenas "shall be served in the same manner as subpoenas to appear and testify before the court[.]" Id. Rule 45 governs the issuance and service of subpoenas in federal district court. Thus, under the FAA, Rule 45 also governs the service of arbitration subpoenas.

Rule 45 directs that "a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2). It also imposes territorial limits upon the area in which a subpoena may be served, directing that:

> a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena.

Fed. R. Civ. P. 45(b)(2). (Emphasis added.) Accordingly, a subpoena duces tecum issued by a federal court cannot be served upon a nonparty for the production of documents located outside the geographic boundaries specified in Rule 45. See In re Sealed Case, 141 F.3d 337, 341 (D.C. Cir. 1998) (noting that "what affords the nonparty deponent this territorial protection is that the rules vest power to compel discovery from a nonparty, and to impose contempt sanctions for non-compliance, in the subpoenas-issuing court"); Natural Gas Pipeline Co. of America v. Energy Gathering, Inc., 2 F.3d 1397, 1406 (5th Cir. 1993), cert. denied, 510 U.S. 1073 (1994) (stating that "a federal court sitting in one district cannot issue a subpoena duces tecum to a non-party for the production of documents located in another district").

In light of the territorial limits imposed by Rule 45 upon the service of subpoenas, we conclude that the District Court did not commit error in denying John Hancock's motion to enforce the arbitration subpoena against SCIS, which, as a nonparty located in Florida, lies beyond the scope of the court's subpoena enforcement powers. We have also carefully considered John Hancock's remaining arguments in this appeal and conclude that they lack merit.

IV.

For the reasons stated above, we will affirm the Judgement of the District Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


/s/ Julio M. Fuentes
Circuit Judg