**FESTUS & HELEN STACY FOUNDATION, INC.,**
Petitioner,

v.

**MERRILL LYNCH, PIERCE FENNER, & SMITH INCORPORATED, Respondent.**

**TH Lee Putnam Ventures, L.P. and Click Tactics, Inc., Non–Party Objectors To Subpoenas.**

No. CIV.A. 1:06–CV–0865G.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 23, 2006.

Christopher Michael Huffines, Wendell R. Bird, Bird & Loechl, Atlanta, GA, for Petitioner.

Edward Bryan Krugman, Jason James Carter, Bondurant Mixson & Elmore, Atlanta, GA, for Non–Party Objectors to Subpoenas.

## ORDER

TIDWELL, District Judge.

The above-styled matter is presently before the court on petitioner's motion to

compel and motion to enforce subpoenas [docket no. 1].

Petitioner filed the instant action on March 15, 2006, seeking an order compelling TH Lee Putnam Ventures, L.P. ("TH Lee") and Click Tactics, Inc. ("Click Tactics") to comply with two subpoenas issued in a pending arbitration between petitioner and Merrill Lynch. TH Lee is a private equity firm that raises investment capital from limited partners, invests the money in portfolio companies, and distributes returns to the partners. The underlying arbitration, which is being conducted in Atlanta, Georgia, includes the claim that respondent induced petitioner to invest with TH Lee by providing inaccurate information about the valuations of TH Lee's portfolio companies in violation of federal and state securities laws, and other state law. Click Tactics is one of the portfolio companies. In the subpoenas at issue in this case, petitioner seeks information from TH Lee and Click Tactics supporting the valuations that it was given by Merrill Lynch.

### Background

On February 9, 2005, the National Association of Securities Dealers arbitration panel ("NASD Panel") issued subpoenas requiring TH Lee and Click Tactics to produce specified documents to petitioner. The subpoenas were re-issued by the United States District Court for the District of Delaware on February 22, 2005. TH Lee and Click Tactics filed objections with the NASD Panel. On February 1, 2006, the NASD Panel denied the objections. On February 24, 2006, petitioner re-issued the subpoena to TH Lee from the United States District Court for the Southern District of New York, and the subpoena to Click Tactics from the United States District Court for the Northern District of Georgia. After TH Lee and Click Tactics failed to provide the requested documents, petitioner filed the instant action to enforce the subpoenas against both parties.

### Discussion

The briefs raise several issues regarding the enforcement of the subpoenas. First, the parties dispute what law governs the disposition of the instant matter. Next, TH Lee challenges the jurisdiction of this court to enforce the subpoenas. Finally, the responses filed by TH Lee and Click Tactics contain several objections to the subpoenas. TH Lee and Click Tactics complain that: (1) pre-hearing discovery is not permitted under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et. seq.*; (2) the information sought does not meet the FAA requirements of materiality and relevance; and, (3) the information is highly confidential, sensitive information.

■ The court will first discuss the threshold issues of applicable law and jurisdiction before turning to the objections. TH Lee and Click Tactics contend that the FAA exclusively applies when there is diversity jurisdiction and the contract evidences a transaction involving interstate commerce, citing *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir.1991). Petitioner agrees that the FAA applies, but argues that the arbitration codes of Georgia and the NASD may be applied concurrently with the FAA. *Volt Info. Sci's., Inc. v. Board of Trustees*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). In *Barbier*, the Second Circuit Court of Appeals held only that *Erie* does not require the application of state law arbitration provisions when jurisdiction is based on diversity of citizenship. Thus, *Barbier*, 948 F.2d at 120, does not hold that the FAA applies exclusively, and its holding is consistent with the Supreme Court's decision that the FAA does not necessarily preempt state law arbitration rules that do not conflict with it. *See Volt*,

489 U.S. at 477, 109 S.Ct. 1248. The court need not determine whether the provisions of the NASD and Georgia code conflict with the FAA, however, because the terms of the FAA are sufficient for the disposition of the instant matter.

■ TH Lee contends that this court does not have personal jurisdiction over it, because TH Lee does not have minimum contacts with the Northern District of Georgia. *Legion Ins. Co. v. John Hancock Mutual Life Ins. Co.*, 33 Fed.Appx. 26, 28 (3d Cir.2002); *Kersting v. U.S.*, 865 F.Supp. 669, 677 (D.Haw.1994). Further, TH Lee argues that even if this court has jurisdiction, its power to issue and enforce subpoenas is limited by the Federal Rules of Civil Procedure to the district and a one-hundred mile radius of the district. *See* Fed.R.Civ.P. 45; *Legion Ins. Co.*, 33 Fed.Appx. at 27–28 (for arbitration in Pennsylvania, District Court for the Eastern District of Pennsylvania does not have the power to enforce a subpoena directed to a nonparty in Florida). TH Lee asserts that the United States District Court for the Southern District of New York has enforcement power because it issued the subpoena that plaintiff seeks to enforce against TH Lee, and a nonparty may only be compelled by an issuing court. *See* Fed.R.Civ.P. 45(a)(2)(C) (subpoena for production and inspection must issue "from the court for the district where the production or inspection is to be made").

■ Despite TH Lee's arguments, the territorial limits of personal jurisdiction do not apply to the enforcement of a subpoena for documents under the FAA. *Schlumbergersema, Inc. v. Xcel Energy, Inc.*, 2004 WL 67647, *3 (D.Minn.2004)(District of Minnesota ordered production in New York pursuant to subpoena issued from arbitration proceedings in Minnesota); *Arbitration of Trammochem*, 2005 WL 1400096 at *2 (S.D.N.Y.2005). The cases cited by TH Lee do not compel a contrary finding. *See Legion Ins. Co.*, 33 Fed. Appx. at 27–28 (not decided on basis of personal jurisdiction); *Kersting*, 865 F.Supp. at 677 (not within FAA). The court's authority is defined by the FAA, which provides that enforcement actions are to be decided by "the United States district court for the district in which such arbitrators, or a majority of them, are sitting." 9 U.S.C. § 7. The jurisdiction conferred by the FAA is broader than jurisdiction based upon the Federal Rules. Accordingly, the court finds that it has jurisdiction over TH Lee.

The court must next determine whether its authority to enforce subpoenas is circumscribed by the territorial limits contained in the Federal Rules of Civil Procedure. Rule 45 provides that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within one hundred miles of the place of the . . . production." Fed.R.Civ.P. 45(b)(2). The Eighth Circuit has held that, in arbitration, "a subpoena for the production of documents need not comply with Rule 45(b)(2)'s territorial limit 'because the burden of producing documents need not increase appreciably with an increase in the distance those documents must travel.'" *SchlumbergerSema, Inc.*, 2004 WL 67647 at *2; *Arbitration Between Sec. Life Ins. Co.*, 228 F.3d 865, 871 (8th Cir.2000). Moreover, at least one court has reasoned that Rule 45 only applies to subpoenas *issued* by the district court; here, the Panel issued the subpoenas and merely seeks the court's assistance in compelling compliance. *See Trammochem*, 2005 WL 1400096 at *2. Accordingly, it is not established that a conflict between Rule 45 and the FAA exists. To the extent that there is a conflict, this court finds that the provisions of the FAA control.

Because TH Lee's jurisdictional argument fails, and Rule 45 does not prohibit the enforcement for the reasons discussed, this court has the authority under the FAA to enforce properly issued subpoenas. The court will therefore turn its consideration to the parties' joint objections to determine whether it should enforce the subpoenas.

■ TH Lee and Click Tactics first argue that pre-hearing discovery is not permitted under the FAA, and that the NASD arbitration panel did not have the authority to issue or enforce the subpoenas. TH Lee and Click Tactics argue that the only discovery method allowed by the FAA is subpoenaing witnesses to appear at the hearing along with requested documents. *See* 9 U.S.C. § 7, *Hay Group, Inc. v. EBS Acquisition Corp.*, 360 F.3d 404, 407 (3d Cir.2004). However, two circuits and a district court within this circuit have held that the FAA impliedly permits the arbitration panel to order document discovery prior to a hearing. *Sec. Life Ins. Co.*, 228 F.3d at 871; *Stanton v. Paine Webber Jackson & Curtis, Inc.*, 685 F.Supp. 1241, 1242 (S.D.Fla.1988); *recognized in Am. Fed'n of Television & Radio Artists, AFL–CIO v. WJBK–TV (New World Commc'ns of Detroit, Inc.)*, 164 F.3d 1004, 1010 (6th Cir.1999).

Further, the NASD Panel itself determined that it had the authority to issue subpoenas for documents. In an order dated February 6, 2006, the Panel held that "the objections of all persons are denied and all motion to quash are denied. Any and all subpoenaed information obtained by [petitioner] shall be kept and maintained confidential and disclosed only to [petitioner]'s counsel unless further ordered by the Panel." Although TH Lee and Click Tactics make much of the "lack of enthusiasm" expressed by the arbitrators, the Panel issued and re-affirmed the subpoenas, asserting the authority to do

so. The Supreme Court has held that once a matter is in arbitration, " 'procedural questions' which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons. Inc. v. Livingston*, 376 U.S. 543, 558, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). The *Livingston* court discussed whether, *after* it was determined that a matter belonged in arbitration, the courts should decide procedural issues and leave substantive matters to the arbitrators. *See id.* at 557–558, 84 S.Ct. 909. Reasoning that procedural and substantive aspects of a case were often intertwined and therefore more easily decided by a single forum, and given both federal policy favoring arbitration and the parties' choice to arbitrate, the court decided that, once the matter was sent to arbitration, arbitrators should decide both procedural and substantive issues. *Id.* The parties in the instant matter do not dispute that they agreed to arbitrate the underlying suit. Accordingly, the NASD Panel had the authority to determine the scope of discovery and it did so.

Moreover, the FAA expressly provides that "upon petition, the United States district court for the district in which ... arbitrators, or a majority of them, are sitting" may enforce subpoenas. *See* 9 U.S.C. § 7; *interpreted by Sec. Life Ins. Co.*, 228 F.3d at 870–71. Based on its own enforcement power, as well as the pre-hearing discovery power of the arbitrators, the court finds that the parties are bound by the decision of the NASD Panel as to the service of the subpoenas and the production of documents.

■ TH Lee and Click Tactics next argue that the information sought in the subpoenas is neither material nor relevant, as required by the FAA. Regarding the relevance of the subpoenaed materials, the Sixth Circuit Court of Appeals held that it was error for the district court to deter-

mine relevance of the subpoenaed materials in the first instance, because that matter should be left to the arbitration panel. *WJBK–TV,* 164 F.3d at 1010. The court based its decision on the difficulty in determining relevance without examining the substance of the case, because the two issues are intertwined. *Id.; see also Livingston,* 376 U.S. at 558, 84 S.Ct. 909. Although the Sixth Circuit was discussing arbitration under the Labor Management Relations Act, the court finds its reasoning equally applicable to arbitration under the NASD; in each, the arbitrators have expertise in the subject matter of the arbitration and are better equipped to deal with interrelated procedural and substantive issues. *See WJBK–TV,* 164 F.3d at 1010; *Livingston,* 376 U.S. at 558, 84 S.Ct. 909. Likewise, the determination of materiality to the underlying dispute belongs to the arbitrators. The Eighth Circuit has held that the district court need not make an independent assessment of the materiality of the information sought in the subpoenas. *Sec. Life Ins. Co.,* 228 F.3d at 871. For these reasons, the court finds that any relevance and materiality concerns should be directed to the NASD Panel.

 Finally, TH Lee and Click Tactics argue that the requested information is highly sensitive, confidential business information. The Supreme Court has held that "there is no absolute privilege for trade secrets and similar confidential information." *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill,* 443 U.S. 340, 362, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979). Rather, the courts weigh the claim to privacy against the need for disclosure, and commonly enter a protective order restricting disclosure. *Id.* at 362, 363 n. 24. After reviewing the provided motions and briefs, the court finds that the confidentiality concerns are not sufficiently compelling to excuse TH Lee and Click Tactics from providing the subpoenaed information, and

the appropriate solution is rather to compel discovery of the documents subject to a protective order.

Accordingly, and for all the aforementioned reasons, the objections of TH Lee and Click Tactics are OVERRULED and DENIED. Plaintiff's motion to enforce subpoenas and motion to compel [docket no. 1] is hereby GRANTED, subject to the following conditions:

(1) TH Lee is ORDERED and DIRECTED to produce the requested documents on Thursday, May 25, 2006 prior to 4:00 p.m. Eastern Standard Time, at:

Professional Process Service, Ltd.
21 East 43rd St., Suite 1901
New York, N.Y. 10017

(2) Click Tactics is ORDERED and DIRECTED to produce the requested documents on Thursday, May 25, 2006 prior to 4:00 p.m. at:

Bird, Loechl, Brittain & McCants, LLC
c/o
Christopher M. Huffines
1150 Monarch Plaza
3414 Peachtree Road, NE
Atlanta, GA 30326

(3) All documents produced are subject to a confidentiality agreement containing the protections stated by counsel for petitioner in open court: all documents produced are limited to viewing by petitioner's attorneys, and, as necessary, respondent's attorneys, experts, and arbitrators.

*Summary*

The objections of TH Lee and Click Tactics are **OVERRULED** and **DENIED**. Plaintiff's motion to enforce subpoenas and motion to compel [docket no. 1] is hereby **GRANTED**, subject to the following conditions:

(1) TH Lee is **ORDERED** and **DIRECTED** to produce the requested documents on Thursday, May 25, 2006 prior to 4:00 p.m. Eastern Standard Time, at:

Professional Process Service, Ltd.

21 East 43rd St., Suite 1901

New York, N.Y. 10017

(2) Click Tactics is **ORDERED** and **DI-RECTED** to produce the requested documents on Thursday, May 25, 2006 prior to 4:00 p.m. at:

Bird, Loechl, Brittain & McCants, LLC c/o

Christopher M. Huffines

1150 Monarch Plaza

3414 Peachtree Road, NE
Atlanta, GA 30326

(3) All documents produced are subject to a confidentiality agreement containing the protections stated by counsel for petitioner in open court: all documents produced are limited to viewing by petitioner's attorneys, and, as necessary, respondent's attorneys, experts, and arbitrators.