NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0445n.06

Case No. 21-2742

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 07, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| SYMETRA LIFE INSURANCE COMPANY, | ) | |
|  | ) | |
| Petitioner-Appellee, | ) | |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
|  | ) | |
|  | ) | |
| ADMINISTRATION SYSTEMS RESEARCH CORPORATION, INTERNATIONAL, | ) | |
|  | ) | |
| Respondent-Appellant. | ) | OPINION |
|  | ) | |

Before: SILER, GIBBONS, and STRANCH, Circuit Judges.

SILER, Circuit Judge.   Administration Systems Research Corporation, International ("ASR") appeals the district court's grant of Symetra Life Insurance Company's ("Symetra") petition to compel compliance with an arbitration panel's subpoena.

In an arbitration to which Symetra is a party, the arbitration panel ordered ASR to send a representative to attend an arbitration hearing in Grand Rapids, Michigan, and to bring specified documents.  ASR refused to comply, so Symetra petitioned the United States District Court for the Western District of Michigan under 9 U.S.C. § 7 to compel ASR's compliance.  The case was referred to a magistrate judge, who granted the petition.  The district court affirmed the magistrate judge's decision, and ASR appealed.  For the reasons set forth below, we affirm the district court.

## BACKGROUND

This dispute began with a 2017 lawsuit. A dialysis provider, RAI Care Centers of Michigan, sued several employee benefits plans, two of which were insured by Symetra. RAI also sued ASR, the plans' third-party administrator. The two plans insured by Symetra settled their claims with RAI.

Symetra then sought reimbursement from Alliance Health & Life Insurance Company ("AHL") under their reinsurance agreement. But AHL denied coverage and thereafter sued Symetra in the United States District Court for the Western District of Michigan, seeking: (1) a declaration that it owed no reinsurance coverage to Symetra; (2) damages for Symetra's alleged breach of contract, breach of good faith, breach of implied duty of good faith, and conversion; and (3) injunctive relief.

Symetra filed a motion to dismiss AHL's lawsuit and to compel arbitration based on an arbitration clause in its contract with AHL. AHL agreed that arbitration was appropriate, but it opposed the motion to dismiss. Instead, AHL requested the district court stay the case in the event assistance might be required with non-party discovery under 9 U.S.C. § 7, which empowers "the United States district court for the district in which such arbitrators, or a majority of them, are sitting" to "compel the attendance of such person or persons before said arbitrator or arbitrators."

Symetra, in turn, responded that the arbitration panel would never sit in the Western District of Michigan. It argued the arbitration panel would sit only in the Western District of Washington because the contractual arbitration clause required all proceedings to take place in Bellevue, Washington. Thus, in urging the court to dismiss the case entirely, Symetra maintained that any future court action related to the arbitration could be brought only in the Western District of Washington.

The district court granted Symetra's motion to dismiss, reasoning that "dismissal, as opposed to a stay, is proper where all claims are referred to arbitration." In response to AHL's concerns about future discovery disputes, the court commented that "any discovery disputes would have to be transferred to the Western District of Washington" because "the arbitrators are sitting in Bellevue, Washington."

And, indeed, such a discovery dispute arose. At arbitration, Symetra alleged that AHL violated the reinsurance agreement; AHL responded that Symetra's payments did not constitute "covered expenses" under Symetra's policies because the settlements were not paid in accordance with the employee benefit plans' terms. Symetra—seeking clarity on AHL's coverage position—petitioned the arbitration panel to issue a subpoena to ASR, AHL's affiliate and the plans' third-party administrator. But AHL argued that the subpoena sought irrelevant information and would impose an undue burden on ASR. The arbitration panel nonetheless issued it. And the next month, ASR filed a motion to quash the subpoena.

The arbitration panel denied ASR's motion to quash and issued the subpoena in its present form. The subpoena required an ASR "custodian of records" to attend as a witness an arbitration hearing to be held in Grand Rapids, Michigan. It also ordered the custodian of records to bring specified documents to the hearing. ASR again raised materiality and undue burden objections to the subpoena, but the arbitration panel found "no need to respond."

Symetra then filed a petition under 9 U.S.C. § 7 in the United States District Court for the Western District of Michigan to compel ASR to comply with the subpoena. The petition was assigned to a magistrate judge, who questioned whether the arbitration panel was "sitting" in that district. After ordering the parties to submit briefing on that issue, the magistrate judge concluded that the arbitrators had indeed been "sitting" in the Western District of Michigan.

Thus, the magistrate judge ordered ASR to comply with the arbitration panel's subpoena. In its order, the magistrate judge held that neither collateral nor judicial estoppel barred Symetra's petition, even though Symetra had previously represented in its litigation with AHL that the arbitration panel would only ever sit in Bellevue, Washington. The magistrate judge reasoned that the court was "faced with a wholly different set of circumstances." Indeed, after arbitration had commenced, a dispute arose as to the appropriate location for the arbitration proceedings, and the arbitration panel ultimately chose Houston, Texas, as the location for the final hearing. And later, the arbitration panel issued the subpoena at issue and scheduled a hearing to receive the subpoenaed documents in Grand Rapids, Michigan. The magistrate judge also determined that the subpoena complied with 9 U.S.C. § 7 and declined to rule on ASR's materiality and burden arguments, finding that the arbitration panel had sufficiently considered them.

The district court denied ASR's objections, finding no error in the magistrate judge's decision. The district court then entered a final judgment and closed the case.

## DISCUSSION

Our jurisdiction to hear this appeal arises under 9 U.S.C. § 16. *See Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1155 (11th Cir. 2019); *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 92-94 (2d Cir. 2006) (superseded by statute on other grounds).

ASR raises various issues concerning section 7 of the Federal Arbitration Act ("FAA"), which provides:

> The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case **to bring with him or them any book, record, document, or paper which may be deemed material** as evidence in the case. . . . [I]f any person or persons so summoned to testify shall refuse or neglect to obey said

> summons, upon petition the United States district court *for the district in which such arbitrators, or a majority of them, are sitting* may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

9 U.S.C. § 7 (emphasis added).  First, ASR contests the district court's subject matter jurisdiction.  Second, it argues the district court applied the wrong standard of review to the magistrate judge's decision.  Third, it contends that Symetra could not bring the enforcement action in the District Court in the Western District of Michigan because, says ASR, the arbitration panel was not "sitting" in Grand Rapids, Michigan, for purposes of the FAA.  Fourth, ASR argues that Symetra is, in any event, estopped from asserting that the arbitration panel is "sitting" in Grand Rapids, Michigan, given its previous assertion that the panel could only sit in Bellevue, Washington.  Fifth, ASR argues that the arbitration panel's subpoena fails to comply with the FAA's requirements.  And finally, ASR maintains that remand is necessary because, in its view, neither the arbitration panel nor the district court addressed its objections to the panel's subpoena.

We, however, conclude that ASR's arguments are without merit and thus affirm the district court's judgment.

### A.  District Court's Subject Matter Jurisdiction

We first turn to whether the district court had subject matter jurisdiction in this case.  Because the FAA does not itself create federal jurisdiction, a party invoking Section 7 must establish an independent basis for subject matter jurisdiction.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).  Here, Symetra asserted diversity jurisdiction under 28 U.S.C. § 1332.  But ASR argues that Symetra failed to plead adequately the requisite amount in controversy (more than $75,000, "exclusive of interests and costs," 28 U.S.C. § 1332).

We review subject matter jurisdiction de novo. *United States v. Bacon*, 884 F.3d 605, 608 (6th Cir. 2018). So it is with fresh eyes that we turn to the question whether the amount-in-controversy requirement was satisfied here.

As an initial matter, ASR mistakes the burden that Symetra bears with respect to alleging the requisite amount in controversy. ASR asserts that Symetra failed to bear its "burden of proving subject matter jurisdiction by a preponderance of evidence." But such a burden does not exist at the pleadings stage. Instead, we accept the amount alleged in the complaint so long as the claim is made in good faith. *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938)). Dismissal for lack of jurisdiction is appropriate only if, from the face of the complaint, it appears to a legal certainty that the party cannot recover the amount claimed. *Id.* In other words, as long as "there is a probability that the value of the matter in controversy exceeds the jurisdictional amount," we consider the amount-in-controversy requirement satisfied. *Id.* at 397.

Next, we consider how a section 7 enforcement action's value may be measured. Although this issue is of first impression in our court, we agree with our sister circuits that the amount in controversy may be established by a good faith allegation of the subpoenaed information's value to the plaintiff in the underlying arbitration dispute. *See Maine Cmty. Health Options v. Albertson Cos.,* 993 F.3d 720, 723 (9th Cir. 2021); *Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020). It is well-settled that the amount in controversy in an action seeking injunctive relief is measured by the "value of the object of the litigation." *See Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). The question is how to measure that value: only from the plaintiff's viewpoint, *i.e.*, as the benefit the plaintiff stands to gain from the litigation,

or also from the defendant's viewpoint, *i.e.*, as the detriment to the defendant that would result from the injunction. We have noted that circuits are split "as to whether a court may determine the amount in controversy from the perspective of either party (the 'either viewpoint rule') or whether a court may only consider the plaintiff's viewpoint." *Olden LaFarge Corp.*, 383 F.3d 495, 502 n.1 (6th Cir. 2004). But we have thus far steered clear of this "jurisdictional morass." *Id*.; *see also Siding and Insulation Co., Inc. v. Acuity Mut. Ins. Co*., 754 F.3d 367, 372 (6th Cir. 2014) (collecting cases in which our court has been presented with and subsequently avoided the question). Today we continue in that path, as we need only consider Symetra's viewpoint to find that the amount-in-controversy requirement has been met.

The amount at issue in Symetra's arbitration with Alliance Health is at least three million dollars. Thus, the documents sought in the subpoena need only pertain to a small fraction of the arbitral award for the amount-in-controversy requirement to be satisfied. *Cf. Wash. Nat'l Ins. Co.*, 958 F.3d at 135 (finding that even if the subpoenaed information supported only a "small fraction of the award sought," the value would exceed the jurisdictional amount); *Maine Cmty. Health Options*, 993 F.3d at 723 (same). Because it does not appear to "a legal certainty" that the subpoenaed documents' value is $75,000 or less, we find that the district court had subject matter jurisdiction.

### B. District Court's Standard of Review of the Magistrate Judge's Decision

Next, ASR argues that the district court should have reviewed the magistrate judge's decision de novo, rather than for clear error. The proper standard of review a district court applies to a magistrate judge's order compelling compliance with an arbitration subpoena turns on whether that decision is "dispositive" within the meaning of 28 U.S.C. § 636. When a magistrate judge rules on a *non-dispositive* matter, a district judge may reconsider that ruling only if it is "clearly

erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). But when a magistrate judge issues a report and recommendation on a *dispositive* matter, a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

We have not yet determined whether a section 7 enforcement action is "dispositive," but we need not resolve the issue here. That is because the distinction between the standards of review collapses where the district court reviews only the magistrate judge's legal conclusions. Indeed, we have explained that a "contrary to law" determination is tantamount to de novo review where only pure legal issues are involved. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). And, here, the district court, reviewing only the magistrate judge's legal conclusions, perceived no error. Because this analysis would be proper under either the "clearly erroneous or contrary to law" standard or the de novo standard, we see no reason to remand the case.

## C. Where the Arbitration Panel "Sits"

Thus, we turn to ASR's next argument—that Symetra was not permitted to bring the action in the District Court for the Western District of Michigan.

Section 7 provides, in relevant part:

> [I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for *the district in which such arbitrators, or a majority of them, are sitting* may compel the attendance of such person or persons before said arbitrator or arbitrators…

9 U.S.C. § 7 (emphasis added). ASR submits that the arbitration panel may "sit" only in one location: where the final hearing is to be conducted. Here, that would be Houston, Texas. But the FAA's text contains no such restriction, and we decline ASR's invitation to read additional terms into the statute. *Gen. Med., P.C. v. Azar*, 963 F.3d 516, 521 (6th Cir. 2020) ("[C]ourts . . . should

not add language that Congress has not included."). The arbitration panel declared that it was sitting in Grand Rapids, Michigan, for the hearing related to the subpoena at issue. Under the circumstances of this case, we thus hold it was not improper for Symetra to bring this action in the Western District of Michigan.

### D. Judicial and Collateral Estoppel

Next, we reject ASR's argument that judicial and collateral estoppel preclude Symetra from claiming that the arbitration panel is sitting in Grand Rapids, Michigan. Judicial estoppel prevents "intentional inconsistency" and "applies to a party who has successfully and unequivocally asserted a position in a prior proceeding; he is estopped from asserting an inconsistent position in a subsequent proceeding." *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598-99 (6th Cir. 1982). This doctrine "addresses the incongruity of allowing a party to assert a position in one tribunal and the opposite in another tribunal," lest "the second tribunal adopt[] the party's inconsistent position," indicating that "at least one court has probably been misled." *Id*. at 599.

Here, Symetra neither adopted an intentionally inconsistent position nor one that was successful. It is true that Symetra previously argued in its litigation with AHL that the arbitration panel would sit only in Bellevue, Washington—in accordance with the contractual provision stating that the arbitration proceedings would occur in the city of Symetra's principal office. But circumstances changed in the intervening months. During that time, not only did the arbitration panel decide that the final proceeding would occur in Houston, Texas, but it also issued the subpoena to ASR, stating its intent to conduct a hearing in Grand Rapids, Michigan. As Symetra articulates, its position is simply "a necessary consequence of the Panel's venue orders, and any other position would be nonsensical." Moreover, the district court based its decision on the principle that dismissal is the proper outcome when all claims are subject to arbitration—not on

Symetra's argument about future discovery disputes. Thus, its position was not successful, and judicial estoppel does not apply.

Nor does collateral estoppel apply here—even though the district court in the earlier litigation had agreed with Symetra that the arbitration panel was sitting in Washington. We apply a four-part test to determine whether collateral estoppel applies:

> 1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
> 2) determination of the issue must have been necessary to the prior proceeding's outcome;
> 3) the prior proceeding must have resulted in a final judgment on the merits; and
> 4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Aircraft Braking Sys. Corp. v. Local 856, Int'l Union United Auto., Aerospace & Agric. Implement Workers,* 97 F.3d 155, 161 (6th Cir. 1996). Even were we to assume that ASR could meet the first, third, and fourth prongs, its objection would still fail at the second prong because the issue where the panel was "sitting" was not necessary to the prior proceeding's outcome. Indeed, the lower court explicitly based its dismissal on the fact that all claims had been referred to arbitration—not on its conclusion that the panel was sitting in Washington.

### E.  Compliance with Section 7 Requirements

ASR also argues that the arbitration panel's subpoena is a "pre-hearing discovery subpoena," which, according to ASR, is not permitted by the FAA. Section 7 empowers an arbitrator to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7. Here, the arbitration panel summoned an ASR custodian of records to attend an arbitration hearing as a witness and to bring the identified documents. Under a straightforward reading of the statute's text, the subpoena was a proper

exercise of the panel's section 7 powers. We thus decline to address whether pre-hearing discovery is otherwise permitted under the statute.

### F. Ruling on Materiality, Breadth, Burden, Confidentiality, and Privilege

Finally, ASR maintains that the arbitration panel failed to address its numerous objections and that the district court thus had an obligation, under 9 U.S.C. § 7, to assess the subpoenaed documents' materiality and, under Federal Rule of Civil Procedure 45, to rule on ASR's remaining objections. We conclude the district court was not required to make a ruling on ASR's materiality, breadth, burden, confidentiality, and privilege objections to the arbitrators' subpoena.

As a preliminary matter, we find that the arbitration panel sufficiently considered ASR's objections: the panel determined that the documents responsive to the subpoena "may be relevant to the instant dispute" and decided, over ASR's objections, to proceed with the hearing.

To the extent ASR insists that the district court was nevertheless obligated to make an independent ruling on ASR's objections to the subpoena, ASR is mistaken. We have reasoned in an analogous setting that "the relevance of the information and the appropriateness of the subpoena should be determined in the first instance by the arbitrator." *Am. Fed'n of Television & Radio Artists v. WJBK-TV*, 164 F.3d 1004, 1010 (6th Cir. 1998) (discussing enforcement of an administrative subpoena issued under Labor Management Relations Act § 301). And at least two district courts have since applied that conclusion to section 7 proceedings. *See Westlake Vinyls, Inc. v. Resolute Mgmt., Inc.*, No. 3:18-MC-00013-CHB-LLK, 2018 WL 4515997, at *6 (W.D. Ky. Aug. 21, 2018) (citing the Sixth Circuit decision in support of the general rule that "when individuals . . . have objected to enforcement of an arbitrators' subpoena on grounds of immateriality of the evidence sought, attorney-client privilege, or confidentiality, courts have 'denied these motions or objections on the basis that the determination of these matters in the first

instance is left to the arbitrators'"); *Festus & Helen Stacy Found. v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 432 F. Supp. 2d 1375, 1379-80 (N.D. Ga. 2006) (observing in a Section 7 proceeding that "the Sixth Circuit Court of Appeals held that it was error for the district court to determine the subpoenaed materials' relevance in the first instance because that matter should be left to the arbitration panel" and referring materiality questions to the arbitration panel).

We further note that two of our sister circuits have rejected similar invitations to impose such an obligation on district courts. The Eighth Circuit reasoned that requiring district courts to independently assess the materiality of an arbitration panel's subpoenaed information would be "antithetical to the well-recognized federal policy favoring arbitration[] and compromises the panel's presumed expertise in the matter at hand." *In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 871 (8th Cir. 2000). The Second Circuit rejected the argument that section 7 "impose[s] Rule 45's obligations on district courts in proceedings to enforce arbitration summonses under section 7 of the FAA," finding no support in either 9 U.S.C. § 7 or Federal Rule of Civil Procedure 45. *Washington Nat'l Ins. Co*, 958 F.3d at 138. The court added that such an interpretation "does not square with the 'strong federal policy favoring arbitration as an alternative means of dispute resolution' that is embedded in and furthered by the FAA." *Id*. We agree.

### G. Attorneys' Fees

Finally, Symetra requests that this court award it reasonable attorneys' fees under Federal Rule of Appellate Procedure 38, which allows a court of appeals to award appellees "just damages and single or double costs" in a frivolous appeal. Although it maintains that all ASR's claims are without merit, Symetra asserts that three arguments raised by ASR before this court are especially frivolous: (1) ASR's objection to the District Court's subject matter jurisdiction, (2) ASR's insistence that the subpoena is an "impermissible discovery subpoena," and (3) ASR's continued

assertion that judicial or collateral estoppel bars Symetra from arguing that venue was proper in the Western District of Michigan.

In determining whether an appeal is frivolous, we look to the dictionary definition—*i.e.*, "one in which no justiciable question has been presented and appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed." *See Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 676 (6th Cir. 1999) (citing BLACK'S LAW DICTIONARY (6th ed. 1990)). Accordingly, we have previously held that sanctions may be imposed where the issues on appeal were "already clearly resolved," *Martin v. Comm'r of Internal Revenue*, 756 F.2d 38, 41 (6th Cir. 1985); where the appeal was pursued with an appearance or motivation of "delay, harassment, or other improper purposes," *Dallo v. INS*, 765 F.2d 581, 589 (6th Cir. 1985) (quotations omitted); where the appeal was "obviously without merit," *id.*; and where "the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy," *Allinder v. Inter-City Prods. Corp. (USA)*, 152 F.3d 544, 552 (6th Cir. 1998), cert. denied, 525 U.S. 1178 (1999) (quoting *Reid v. United States*, 715 F.2d 1148, 1155 (7th Cir. 1983)).

Although ASR appears to have employed a "kitchen sink" strategy in this appeal, nothing suggests an improper purpose underlies its rigorous pursuit of review and relief. Nor are its arguments—though ultimately unpersuasive—so frivolous as to warrant sanctions.

Thus, we **DENY** Symetra's motion for attorneys' fees, and we **AFFIRM** the district court.